PARK TERRACE ASSOCIATES LIMITED PARTNERSHIP
*v.* GERALDINE TAYLOR
(4617)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued November 7, 1986—decision released January 20, 1987

*Sheryl J. Sha'afi,* for the appellant (defendant).

*Barry S. Zitser,* with whom, on the brief, was *Glenn E. Coe,* for the appellee (plaintiff).

SPALLONE, J. The defendant is appealing from the judgment of immediate possession rendered for the plaintiff in a summary process action. The defendant claims the trial court erred in holding (1) that "lapse of time" was a proper basis for termination of a federally subsidized § 8 tenancy, (2) that the "desire to rent at a higher rental" constituted "good cause" for termination, and (3) that there was sufficient evidence to support a finding of such "good cause."

The plaintiff lessor and the defendant lessee entered into a written lease commonly designated as a § 8 lease pursuant to 42 U.S.C. § 1437f and 24 CFR § 882.215 et seq. The unit occupied by the defendant is the only

unit in a multi-unit complex subject to a § 8 tenancy. Her unit is located in a seven building complex that contains a total of forty-two units. The defendant's rent is approximately $252 per month, while comparable units in the same complex are rented at $425 per month.

After the initial term of the lease expired, the tenant continued in occupancy under an oral month to month lease. On March 9, 1985, the plaintiff served a notice to quit upon the defendant requiring her to vacate the premises on or before April 10, 1985. The notice to quit alleged four reasons for terminating the lease: (1) termination by lapse of time; (2) failure to negotiate a new lease; (3) desire to use the unit for a purpose other than a HUD assisted rental; and (4) a desire to rent the unit at a higher rent.

After a trial, the court found that the plaintiff proved sufficient grounds to terminate the tenancy under applicable state and federal law. Accordingly, the court rendered judgment of immediate possession for the plaintiff. From this judgment the defendant has appealed.

The defendant first claims that the trial court erred in holding that "lapse of time" was a proper basis for termination of a § 8 tenancy. We find no merit to this claim. The trial court correctly held that lapse of time was an adequate ground for termination under state law. General Statutes § 47a-23 (a).[1] The court, however, was under no obligation to determine whether this

---

[1] General Statutes § 47a-23 provides in pertinent part: "(a) When a rental agreement or lease of any land or building or of any apartment in any building . . . whether in writing or by parol, *terminates by lapse of time* . . . and the owner or lessor . . . desires to obtain possession or occupancy of the same, at the termination of the rental agreement or lease, if any, or at any subsequent time, he or they shall give notice to the lessee or occupant to quit possession of such land, building, apartment or dwelling unit . . . . " (Emphasis added.)

ground was also an adequate ground under federal law. While federal law must also be satisfied because the tenant has received the benefit of a federal subsidy, the state and federal requirements are separate tests and require separate compliance. In this case, the record fully supports the court's conclusion that federal as well as state law had been satisfied. To comply with federal law, the plaintiff had to satisfy the "good cause" requirement of 24 CFR § 882.215. "Desire to rent the unit at a higher rental" is listed as an example of a "good cause" for termination of a § 8 tenancy. 24 CFR § 882.215 (c).[2] Here, there was ample evidence to support the conclusion that the termination of the tenancy was motivated by a good faith desire to rent the unit at a higher rent.

In her remaining claims of error, the defendant disputes the trial court's finding that the eviction complied with federal law. As we stated above, there was ample evidence to support the court's finding that the defendant had satisfied the "good cause" provision under federal law.

There is no error.

In this opinion the other judges concurred.

---

[2] 24 CFR § 882.215 (c) provides in pertinent part: "(1) The Owner shall not terminate the tenancy except for . . . (iii) Other good cause . . . (2) the following are some examples of 'other good cause' for termination of tenancy by the Owner . . . *Desire to rent the unit at a higher rental* . . . ." (Emphasis added.)