[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The Motion to Dismiss filed in this residential summary process Section 8 tenancy case claims that the Notice to Quit is defective for two reasons; (1) the plaintiff failed to comply with the federal regulations by not giving notice to the PHA and, (2) the only reason set forth in the notice to quit, "lapse of time", is an insufficient reason to terminate a Section 8 tenancy.
FACTS
An evidentiary hearing was held and the following facts were found. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56
(1983). On July 1, 1994 the plaintiff, Julie Brooks and Kenneth Brooks as landlords, entered into a lease with the defendant, Allison Gray, as tenant for Apartment 1, 256 Washington Boulevard, Stamford, Connecticut. The lease provided for a monthly rent of $950.00. The tenancy was subsidized by the Section 8 Existing Housing Certificate Program. The allocation of the $950.00 rent paid by the tenant and the Public Housing Agency (PHA) was not disclosed to this court and is not relevant to the motion to dismiss.
Paragraph (C) of the lease read;
 Term of lease. The term of the Lease shall be begin on July 1, 1994 and shall continue until: (1) a termination of the lease by the Landlord in accordance with paragraph (H) of this section, (2) a termination of the Lease by the Tenant in accordance with the lease or by mutual agreement during the term of the lease or (3) a termination of the Housing Assistance Payment Contract by the PHA.
Paragraph (H) of the lease read in its pertinent sections;
 "Termination of Tenancy by Landlord. (1) the Landlord shall not terminate the tenancy except for, . . . (iii) CT Page 12429 Other good cause. . . . (2) the following are some examples of "other good cause" for termination of tenancy by the Landlord; . . . (iv) The Landlord's desire to utilize the unit for personal or family use or for a purpose other than use as a residential unit: or (v) A business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, desire to rent the unit at a higher rental).
 This list of examples is intended as a non-exclusive statement of some situations including in "other good cause" but shall in no way be construed as a limitation on the application of "other good cause" to situations not included in the list. The Landlord may not terminate the tenancy during the first year of the Lease for "other good cause" (see paragraph (H)(1) (iii) for the grounds stated in paragraph (H)(2)(i), (H)(2) (iv) or (H)(2)(v) of this section.
 (3) The Landlord may evict the Tenant from the unit only by instituting a court action. The Landlord must notify the PHA in writing of the commencement of procedures for termination of tenancy, at the same time that the Landlord gives notice to the Tenant under State or local law. The notice to the PHA may be given by furnishing the PHA a copy of the notice to the Tenant."
 Paragraph (L) of the lease read in its entirety; "Termination of Lease by Tenant. The Tenant may terminate the Lease without cause at any time after the first year of the term of the Lease, on not more than sixty days written notice by the Tenant to the Landlord (with copy to the PHA). (The provisions of this subsection (L) are not intended to limit any rights of the Tenant to terminate the Lease where so provided elsewhere in the Lease)."
On June 1, 1995 the defendant, Allison D. Gray, wrote to Mrs. Julie Brooks a letter stating, "I am writing to you to inform you that I will be vacating the apartment at 256 Washington Boulevard, Unit 1, on July 1, 1995. If you have any questions or comments please do not hesitate to contact me or the Section 8 CT Page 12430 office." A copy of this letter was sent to the Section 8 office.
On June 2, 1995 the Section 8 Coordinator of the Housing Authority of the City of Stamford (the PHA) wrote to Julie Brooks confirming that the thirty day notice letter above was received by Section 8. "The above named tenant has given our office a copy of her 30 day notice of intent to vacate her unit on June 30, 1995. Please be advised as of this day our Housing Assistance Payment Contract will be terminated and all payments made on her behalf will be discontinued at this unit."
Thereafter the plaintiff placed the apartment unit on the rental market and negotiated a July 25, 1995 lease with Cassandra Eady. The plaintiff and Ms. Eady signed a lease with occupancy commencing on August 1, 1995 at the rate of $1200.00 per month. This was not a Section 8 form lease. Ms. Eady obtained a Certificate of Family Participation on July 12, 1995 from the PHA for the Section 8 Existing Housing Certificate Program, which certificate was signed by Ms. Eady and Ms. Patricia Billie-Miller, Coordinator of the Section 8 program. The plaintiff submitted a Request for Lease Approval on the Section 8 form requesting the rental income on the Eady lease to be increased from $950.00 as contained in the lease with the defendant, Allison D. Gray, to the current agreed upon rent of $1200.00 per month. No decision was made by Section 8 on this Request.
The defendant did not vacate the premises on July 1, 1995 as stated in her June 1, 1995 letter. The plaintiff served a notice to quit on the defendant, Allison D. Gray, and another occupant, Mark Johnson, on July 26, 1995. The only reason set forth notice to quit was "for lapse of time". The defendants did not vacate the premises by August 7, 1995 the quit date, and thus the instant summary process action was commenced.
DISCUSSION OF LAW
A landlord, to obtain an eviction of a federally subsidized tenant, must comply with the statutory notice to quit and the federal law requirements. Jefferson Gardens Associates v. Greene,202 Conn. 128, 132 (1987). A defective notice to quit deprives the court of subject matter jurisdiction. Lampasona v. Jacobs,209 Conn. 724, 730 (1989). The failure of the landlord to comply with federal standards as to notices also deprives the court of subject matter jurisdiction. "It follows that, before a landlord may pursue its statutory remedy of summary process under § CT Page 1243147a-23, the landlord must prove its compliance with all the applicable preconditions set by state and federal law for the termination of a lease." Jefferson Garden Associates v. Greene,
supra 143.
The plaintiff must "notify the PHA in writing of the commencement of the procedures for terminating of tenancy at the same time, that the Owner gives notice to the tenant under state or local law." That notice does not have to be served in the same manner as the state required notice to quit. 24 C.F.R. § 882.215(c)(4). The notice to quit was dated July 25, 1995 and was issued and served on the defendant on July 26, 1995. Although not alleged in the complaint the plaintiff offered into evidence a letter from the plaintiff's attorney of record addressed to Patricia Billie-Miller Section 8 coordinator dated July 25, 1995 notifying them of the intention to commence summary process against the defendant. A copy of the notice to quit was enclosed with the July 25, 1995 letter.
CONCLUSION
The July 25, 1995 letter from the defendant's counsel to the PHA complies with the landlord's obligation to "notify the PHA." The language of the letter, its date in relationship to the service of the notice to quit and its mailing satisfies federal precondition notice requirements under 24 C.F.R. § 882.215(c)(4). The motion to dismiss is denied as to this first ground.
The reason "lapse of time" is a valid statutory reason for the issuance of the notice to quit. Connecticut General Statutes§ 47a-23(a)(1). The use of the reason "lapse of time" has been held in a series of Housing Session cases not to be sufficient to comply with the "good cause" standards of the federal regulations. 24 C.F.R. § 882.215 (c)(1)(iii) and24 C.F.R. § 882.215(c)(2). The "good cause" reasons of the federal regulations for a landlord to terminate a Section 8 payment assistance contract lease essentially track paragraph (H) of the lease quoted earlier in this opinion. None of these reasons satisfy the state notice to quit requirements. ConnecticutGeneral Statutes § 47a-23 (a).
The following housing sessions cases have held that the state authorized reason "lapse of time" is not sufficient "good cause" to terminate a federally subsidized tenancy. Manchester GardenAssociates v. DeMirgian, H-150, December 17, 1979, (Spada, J.); CT Page 12432Newbrite Trust v. Blackmer, H-564, August 24, 1984 (Aronson, J.),DeFloria v. Crooks, SNBR-310, May 20, 1988 (Riefberg, J.).
Therefore the landlords are caught between a rock and a hard place in their obligation to comply with the state notice to quit reasons and the reasons required by federal requirements. The Supreme Court of the State of Connecticut has recognized this tension and has afforded a method of resolving this apparent conflict. "Not every deviation from the strict requirements of either statutes or regulations warrants dismissal of an action for summary process. When good cause for termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent." Jefferson Garden Associates v.Greene, supra 145.
The plaintiffs offered evidence that the underlying reasons for the selection of "lapse of time" in the notice to quit was: (1) the impending vacancy by the defendant due to her June 1, 1995 letter, (2) the desire of the plaintiffs to then rent the unit to another tenant and keep the apartment productive of income, a valid business purpose, and (3) to increase the rent from $950.00 to $1200.00 per month. The plaintiffs argue that, although these are the three underlying reasons, none of them fit into the proper slot to qualify as a valid statutory notice to quit reason under Connecticut General Statutes § 47a-23 (a).
Therefore the plaintiffs selected the notice to quit reason "lapse of time". The plaintiffs claim that by use of that limited reason, it should not be prevented from having their day in court.
The plaintiffs cite in support of their position Park TerraceAssociates Limited Partnership v. Taylor, 9 Conn. App. 477
(1987). In Park Terrace the landlord alleged four reasons in his notice to quit; (1) lapse of time, (2) failure to negotiate a new lease, (3) desire to use the unit for a purpose other than HUD assisted rental and (4) desire to rent the unit at a higher rental. Reason (1) was in compliance with the statutory requirements of the notice to quit under Connecticut GeneralStatutes § 47a-23(a) but was not a reason contained under the "good cause" definition of the federal regulations. Reasons (2), (3), and (4) did not comply with the statutory reasons underConnecticut General Statutes § 47a-23(a) but did comply with CT Page 12433 the federal regulations requirement of "good cause". The trial court held that "lapse of time" satisfied state law and reason (4), a desire for higher rent, satisfied the federal requirements. Judgment was entered for the landlord and this was upheld on appeal.
Unfortunately for the plaintiffs, in this instant case, the notice to quit only sets forth one reason "lapse of time". Judge Aronson found in Newbrite Trust v. Blackmer, supra 4 that the notice to quit contained only one reason "lapse of time." The decision in Newbrite finding for the tenant stated as follows "since the plaintiff has failed to allege and prove `good cause' as a basis for this action, judgment may enter in favor of the defendant". This was a 1984 case. The Connecticut Supreme Court modified the harshness of this rule by Jefferson GardenAssociates v. Greene, supra 145.
Therefore under the facts of this case, the testimony and evidence of record the court is satisfied that "lapse of time" satisfies the statutory notice to quit reason and offers the plaintiff sufficient opportunity to prove under that umbrella the three reasons for eviction i.e. "good cause" under 24 C.F.R. § 882.215.
The defendant's due process rights have been protected. The tenant is aware of the underlying facts for the proceeding by the plaintiffs on the reason "lapse of time". "In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction."Jefferson Garden Associates v. Greene, supra 143. "Every presumption favoring jurisdiction shall be indulged". ConnecticutLight and Power Co. v. Costle, 179 Conn. 415, 421 (1980).
The court has found an alternative reason to deny the motion to dismiss. The lease gives the tenant under paragraphs (C) and (L) the right to terminate the tenancy after one year. This the defendant did by sending the June 1, 1995 letter. The lease's first year expired on July 1, 1995. Thus the defendant had terminated the lease. By using the federally authorized procedure, the lease was effectively terminated on July 1, 1995. The lease wa wa was no longer in effect. The lease therefore had terminated by lapse of time. Under the unusual facts of this case this court determines that "lapse of time" alone is a sufficient reason to evict the tenant and that reason alone complies with both the state and federal terminations procedures. CT Page 12434
The Motion to Dismiss is denied.
BY THE COURT, KEVIN TIERNEY, JUDGE