[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has moved to dismiss this summary process action on the grounds that there was a Section 8 lease which was subject to the provisions of 24 C.F.R. § 982, and neither the notice to quit nor the complaint was in compliance with those provisions.
The plaintiff filed a one count complaint alleging lapse of time. The notice to quit stated the following reasons: 1) Lapse of time; 2) One or more persons never had a right or privilege to occupy the premises; and 3) one person originally had a right or privilege to occupy the premises but that right or privilege is terminated.
The complaint alleges a written lease agreement for a term beginning CT Page 5780 March 17, 2001 and ending on March 16, 2002. The monthly rental amount was $700.00 with the defendant's portion at zero. The lease was amended on May 21, 2001[1]. The amendment increased the rental amount to $725.00, with the defendant's portion being $64.00. All other covenants, terms and conditions, including the ending date of the lease, remained the same.
 DISCUSSION
Service of a valid notice to quit is an essential prerequisite to the bringing of a summary process action. Bridgeport v. Bourbon-DanielsElectronics. Inc. 16 Conn. App. 574, 582 (1988). When a landlord seeks an eviction of a federally subsidized tenant, the notice to quit, to be valid, must allege both state and federal reasons. In this case there was a section 8 lease so the notice to quit must comply with 24 C.F.R. § 982.
The plaintiff and the defendant agree that lapse of time alone would be insufficient to satisfy the federal requirements. The plaintiff argues that he has good cause and should be given the opportunity at a hearing to establish good cause as required by 24 C.F.R. § 982. The defendant argues that the plaintiff is required to give notice of the offending conduct, and that information must be in the notice to quit.
The language in 24 C.F.R. § 982 lists many examples of good cause. However, good cause may include, but is not limited to those examples. On a least three prior occasions[2] the court found that the state authorized reason, lapse of time, is not sufficient good cause to terminate a Sections 8 lease.
In Jefferson Garden Associates v. Greene, 202 Conn. 128 [1987] the court stated that not every deviation from the strict requirements of either statutes or regulations warrants dismissal of an action for summary process. In Jefferson Garden. Id. at 147-148 there was a minor deviation from the specific language of the federal regulations. The court found that the reasons given were sufficiently stated to give notice to the tenant.
In this case there is more than a minor deviation from the requirements of 24 C.F.R. § 982.310. The plaintiff failed to allege anything listed in the regulation or anything else that could constitute good cause. The plaintiff must state specifically the nature of the conduct and or failure to engage in specific conduct. The defendant may raise the issue as to whether what is alleged is good cause. In that situation it would be appropriate to afford the plaintiff a hearing to determine whether what was alleged in the notice constitutes good cause. CT Page 5781
The plaintiff in Park Terrace Associates v. Greene, 9 Conn. App. 477,479, (1987) listed in the notice to quit four reasons: 1) lapse of time; 2) failure to negotiate a new lease; 3) a desire to use the unit for a purpose other than a HVD assisted rental, and 4) a desire to rent the unit at a higher rent. The court found that the three reasons other than lapse of time, established good cause.
In this case the plaintiff did not state any reasons from which to infer good cause. The plaintiff is seeking a hearing, first to allege, and then establish good cause. That would not be appropriate. The plaintiff is required to state the reasons in order to give the defendant notice sufficient to protect herself against premature, discriminating or arbitrary eviction.
The plaintiff argues that the position in Brooks v. Gray should be adopted by this court. In Brooks, the tenant had notified the landlord by letter, that she would be vacating the premises. The plaintiff had served a notice to quit stating only lapse of time. The plaintiff asserted that there were a number of reasons which could constitute goad cause for the eviction but the reasons did not fit into the state requirements of C.G.S. 47a-23. The plaintiff was afforded a hearing at which he established three reasons for the eviction. The court found that these reasons constituted good cause. However, the court did not deny the motion on those grounds. The court denied the motion by finding that the lease was no longer in effect, therefore lapse of time was a sufficient reason alone, and complied with both federal and state termination requirements.
The court is cognizant of the fact that there are some section 8 leases which continue on a month to month basis, or renew for the same term as the written lease. Those situations do not exist in this case. Here, the Section 8, Housing Authority of the Town of Enfield notified the defendant that her lease would be terminated as of March 16, 2002 and that she must vacate the unit by that date.[3] Section 8 also stated that they would not pay any rent after March 16, 2002. The notice to quit was served on April 4, 2002. Section 8, the entity providing the federal subsidy notified the defendant that the lease would terminate on March 16, 2002. Therefore, at the time of the service of the notice to quit the lease had lapsed.
Under the circumstances of this case since Section 8 acquiesed to the termination of the lease and notified the defendant. The notice to quit including lapse of time complies with both the federal and state requirements.
Crawford, J. CT Page 5782