THERESA E. HARE *v.* JOSEPH HARE, JR.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 4—decided July 15, 1952

*John E. Shields,* for the appellant (plaintiff).

No appearance for the appellee (defendant).

O'SULLIVAN, J.   On May 16, 1951, the plaintiff instituted this action to obtain a divorce on the ground of desertion. The defendant was a resident of Massachusetts at the time of the marriage and has been so ever since.   An order of notice was served upon him by registered mail.   He did not

appear and the matter was heard ex parte. The court rendered judgment dismissing the action for lack of jurisdiction and the plaintiff has appealed.

The parties were married on December 18, 1945. They lived together in Massachusetts as man and wife until May 10, 1948. On that date the defendant left the plaintiff. They continued to live in the same town but remained apart until October 1, 1950, when the plaintiff moved to Connecticut. Her intention was to remain here permanently. Ever since then, she has maintained both her residence and her domicil in this state.

The plaintiff had resided in Connecticut for less than eight months when suit was commenced. She alleged in her complaint that the cause of divorce had arisen subsequently to her removal into this state. She was thus attempting to bring the action within one of the exceptions to the statutory three-year residential requirement. This is found in § 7334 of the General Statutes, the pertinent part of which is quoted in a footnote.[1] The narrow issue presented by this appeal is whether the court erred in holding that the aforementioned allegation had not been established.

The plaintiff's contention is this: The provision of § 7334 requiring a plaintiff to reside in Connecticut for the three years next before instituting suit becomes inoperative when, as the statute recites, "the cause of divorce shall have arisen" subsequently to the removal into the state; the word "cause" in the quoted expression must be construed to mean

---

[1] "Sec. 7334. WHAT RESIDENCE NECESSARY TO GIVE JURISDICTION. If the plaintiff shall not have continuously resided in this state three years next before the date of the complaint, it shall be dismissed unless the cause of divorce shall have arisen subsequently to the removal into this state. . . ."

"cause of action" and the word "arisen" to mean "accrued"; hence the plaintiff's cause of action accrued after she came to Connecticut, since the three-year period of continuous desertion expired on May 10, 1951. It follows, she maintains, that her action falls squarely within the statutory exception. This argument is hardly persuasive since it requires us to give to words a meaning which the legislature did not intend them to have.

The word "cause" is one of many meanings. See 6 Words & Phrases (Perm. Ed.) 322. As employed in § 7334, it has the same connotation as that in which it is used in § 7327. This latter statute provides that the Superior Court may grant a divorce "for any of the following causes" and then proceeds to list eight of them, including "wilful desertion for three years with total neglect of duty." A "cause of divorce," as that phrase is used in § 7334, refers to the ground upon which a plaintiff rests his cause of action and predicates his right to relief. It is the reason for which the legislature permits an aggrieved spouse to obtain a decree. In no sense is the phrase "cause of divorce" synonymous with "cause of action for divorce," as the plaintiff maintains. Then again, the meaning which she attributes to the word "arise" cannot be justified. "Arise" means to "spring up; originate." Webster's New International Dictionary (2d Ed.).

The complaint set forth that the desertion took place on May 10, 1948, and that it continued until the date of the writ. These were essential allegations. Desertion consists not only in a specific act but also in a continuing course of conduct. *Colt* v. *Colt*, 90 Conn. 658, 660, 98 A. 292; *Tirrell* v. *Tirrell*, 72 Conn. 567, 570, 45 A. 153. The plaintiff's cause of divorce arose in part from what had happened

before she acquired an abode in this state. The exception under discussion does not apply if a plaintiff, seeking a divorce on the ground of desertion, is forced to rely upon events occurring before he came to live in Connecticut. Since the act of abandonment and a substantial period of its continued existence took place while the plaintiff was domiciled in Massachusetts, it cannot be said that her cause of divorce arose after she removed to this state. See *Sawtell* v. *Sawtell,* 17 Conn. 284, 287. The court was correct in dismissing the action.

There is no error.

In this opinion the other judges concurred.