CONNECTICUT LIGHT AND POWER COMPANY *v.* DOUGLAS COSTLE, ACTING COMMISSIONER OF ENVIRONMENTAL PROTECTION OF THE STATE OF CONNECTICUT, ET AL.

COTTER, C. J., BOGDANSKI, PETERS, RUBINOW and DALY, Js.

Argued October 12, 1979—decision released January 1, 1980

*Anthony M. Fitzgerald,* for the appellant (plaintiff).

*Richard F. Webb,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (named defendant).

*Julian D. Rosenberg,* for the appellees (defendant Connecticut Valley Action Committee, Inc., et al.).

*Peter B. Cooper,* for the appellees (defendant Connecticut Forest and Park Association, Inc., et al.).

*David M. Cusick,* for the appellee (defendant Cynthia B. Carlson).

COTTER, C. J. The principal issue before us on this appeal is whether General Statutes § 51-29 (now § 51-183b) is applicable to an appeal from an administrative proceeding.[1] The relevant procedural history underlying this appeal is undisputed: Pursuant to General Statutes § 4-183, a provision of the Uniform Administrative Procedure Act; General Statutes c. 54; the plaintiff, Connecticut Light and Power Company, sought review in the

---

[1] Although the most recent decisions of this court interpreting § 51-29 were in the nature of administrative appeals; *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 294 A.2d 573 (appeal from a zoning board of appeals) and *Florida Hill Road Corporation* v. *Commissioner of Agriculture,* 164 Conn. 360, 321 A.2d 856 (appeal from an assessment of damages in a condemnation case); neither decision specifically considered the present question. Since the general rule is that a case resolves only those issues explicitly decided in the case; *State* v. *Della Camera,* 166 Conn. 557, 561, 353 A.2d 750;

Court of Common Pleas within and for the county of Hartford of a decision and order of the commissioner of environmental protection. The arguments before the Court of Common Pleas began on April 2, 1974, consumed six separate but not successive days, and were concluded on June 14, 1974. The trial judge who had heard the case filed a memorandum of decision with the Superior Court, judicial district of Hartford-New Britain at Hartford on June 30, 1978, sustaining the appeal in part. That judgment, June 30, 1978, was rendered more than four years after the close of the session at which the case was tried. The defendant, acting commissioner Douglas Costle, moved in the Superior Court, judicial district of Hartford-New Britain at Hartford to set aside the judgment on the ground that it was rendered beyond the time limits provided in General Statutes § 51-29 which read: "Any judge of the superior court or the court of common pleas, who has commenced the trial of any civil cause, shall have power to continue such trial and render judgment after the expiration of the term or session of the court at which such trial was commenced; but such trial shall be ended and judgment rendered therein before the close of the next term or session."[2] This court granted the plaintiff certification for appeal from the decision

State v. Darwin, 161 Conn. 413, 421–22, 288 A.2d 422; we must determine whether § 51-29 applies to administrative appeals. In Della Camera, supra, this court declared a state statute unconstitutional after it had noted that previous cases had construed and applied the statute. The Della Camera court stressed that no constitutional attack had been raised in the earlier cases and that therefore the earlier decisions could not stand for the proposition that the statute was constitutional. State v. Della Camera, supra, 560–61.

[2] Section 51-29 was amended when it was transferred to § 51-183b of the General Statutes.

of the court below (*Kelly, J.*) which granted the motion, set aside the judgment, and ordered a new trial.

The initial question before this court is whether certification for appeal was properly granted. The plaintiff contends that an appeal would lie from the granting of a motion to set aside a judgment in order to determine whether the trial court had acted beyond its jurisdiction in granting the motion. The plaintiff's claim is that if § 51-29 does not apply to this case, the court below acted beyond its power in setting aside the judgment, and its action therefore would be appealable. In these circumstances, we agree that in order to determine whether this court has jurisdiction over the present appeal, we must determine whether the trial court had jurisdiction to grant the motion to set aside the judgment.

Although the granting of a motion to set aside a judgment and for a new trial is not ordinarily a "final judgment" within the purview of either General Statutes § 52-263 or Practice Book, 1978, § 3000; see *State* v. *Phillips,* 166 Conn. 642, 646, 353 A.2d 706; *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 574–75, 87 A.2d 137; an appeal which challenges the power of the court to act to set aside the judgment may be reviewed. *Phillips* v. *Negley,* 117 U.S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; *Stradley* v. *Cortez,* 518 F.2d 488 (3d Cir.); *Rinieri* v. *News Syndicate Co.,* 385 F.2d 818 (2d Cir.); *Landscape Development Co., Inc.* v. *Kansas City Power & Light Co.,* 197 Kan. 126, 415 P.2d 398. It is "generally recognized that any rule of nonappealability or nonreviewability of a decision of a court setting aside its former decision does not apply and that

an appeal lies where the court, in setting aside its former decision, acted beyond its jurisdiction." 4 Am. Jur. 2d, Appeal and Error § 126.

Hence, the plaintiff's claim concerning the lack of jurisdiction of the court (*Kelly, J.*) puts us in the anomalous position of having to decide the plaintiff's principal claim on this appeal, i.e., that § 51-29 does not apply to administrative appeals, in order to decide whether we have jurisdiction to entertain the appeal. In light, however, of our conclusion that the court below did not err in determining that § 51-29 applies to administrative appeals, we need not reach the plaintiff's jurisdictional claim that if the court below did err in deciding the applicability of § 51-29, its ruling on the defendant's motion to set aside the judgment and for a new trial would be beyond its jurisdiction.

We have consistently held that General Statutes § 51-29 requires a judge to decide a case before the close of the session of the court next succeeding the session at which it is commenced and that a judgment, rendered after the time specified, is erroneous absent waiver or consent by the parties. *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 536, 294 A.2d 573; *Hurlbutt* v. *Hatheway,* 139 Conn. 258, 263, 93 A.2d 161; *Spelke* v. *Shaw,* 117 Conn. 639, 644, 169 A. 787; *Cheshire Brass Co.* v. *Wilson,* 86 Conn. 551, 560, 86 A. 26; *Lawrence* v. *Cannavan,* 76 Conn. 303, 307, 56 A. 556. It is conceded that the judgment was not rendered within the time prescribed by § 51-29 nor has the plaintiff made any claim of waiver or consent.

Nor, under the facts of this case, would any claim of waiver or consent be tenable. Referring to *Spelke,* supra, 646, this court, in *Bogaert,* supra,

538, observed "that in order to imply consent there must be found to exist some obligation on the part of the plaintiffs or their counsel to (1) either seasonably admonish the trial judge that the statute must be complied with or (2) after the second session but before judgment, interpose objection to its entry thereafter. We concluded that no justification existed for so far extending the duty of counsel. We observed the impracticality if not the impropriety of the first course. As to the second course, we concluded that the most that can reasonably be required is objection seasonably made after the filing of the decision." In the present case there was a seasonable objection. The record reveals that the defendant filed its motion to set aside the judgment ten days after the date of the trial court's judgment.

These observations concerning waiver and consent in our prior decisions are in accord with the clear intent of § 51-29 to place the onus on judges to decide cases in a timely fashion. Section 51-29 is not directed at litigants, their attorneys, or the subject matter of the cases.[3]

---

[3] The record in this case raises an important jurisdictional question that was neither considered by the trial court nor raised in the briefs of the parties: if a judgment is not entered within the time prescribed by General Statutes § 51-29, may an attack on the judgment be made by a motion to set the judgment aside filed in the court but heard by another judge of that court. If the latter was without jurisdiction to decide the claim that the judgment was erroneous, then this court would be without jurisdiction to review an appeal from the judgment on the motion. See *Guida* v. *Public Utilities Commission*, 166 Conn. 328, 331, 348 A.2d 613; *Hartford Kosher Caterers, Inc.* v. *Gazda*, 165 Conn. 478, 487, 338 A.2d 497. In the particular unusual circumstances of this case, which include the facts that the time limits prescribed by § 51-29 had been extravagantly exceeded and that no claim of waiver or consent was argued or even arguable, the language of General Statutes § 52-270 that "[t]he superior court may grant a new trial of any cause that may

The plaintiff contends that the words "trial of any civil cause" in § 51-29 do not apply to an appeal from an order and decision of an administrative tribunal and thus the trial court which passed upon the lateness of the judgment was without statutory authority to set aside that judgment. The plaintiff's primary claim is that the words "civil cause" have often been used by the legislature and in the Practice Book synonymously with the words "civil action"; e.g., General Statutes §§ 52-30 (now § 51-347a), 52-31 (now § 51-347b) and 52-32 (now repealed) and §§ 163, 164, and 165 of the 1963 Practice Book; and that a number of this court's decisions have construed "civil action" to be inapplicable to administrative appeals; e.g., *Waterbury* v. *Waterbury Police Union,* 176 Conn. 401, 407–408, 407 A.2d 1013; *Chieppo* v. *Robert E. McMichael, Inc.,* 169 Conn. 646, 653, 363 A.2d 1085; *Bank Building & Equipment Corporation* v. *Architectural Examining Board,* 153 Conn. 121, 124, 214 A.2d 377.

This argument overlooks, however, two well-established rules of statutory construction. First, § 51-29 employs the phrase "civil cause" and not

come before it . . . for other reasonable cause" would be sufficient to endow the court (*Kelly, J.*) with jurisdiction if § 51-29 does apply to administrative appeals, the underlying issue in the primary jurisdictional question we confront in this opinion. We emphasize that this conclusion on the jurisdictional question presented in this footnote is limited to the extraordinary circumstances of this case and that the ruling on the motion to set aside the judgment and for a new trial only determined the issue springing from the invocation of § 51-29. It is the facts of this case that constrain us to decide this question in the manner that we do and to invoke in this instance the well-established principle that every presumption favoring jurisdiction should be indulged. *Tuccio* v. *Zehrung,* 164 Conn. 231, 232, 319 A.2d 406; *Port Chester Electrical Construction Corporation* v. *Industrial Electrical Supply Co.,* 139 Conn. 16, 17, 89 A.2d 377; *Stone* v. *Hawkins,* 56 Conn. 111, 115, 14 A. 297.

"civil action." There is a presumption of purpose behind every sentence, clause or phrase in a legislative enactment so that in construing it no part is to be treated as insignificant and unnecessary. *Doe v. Institute of Living, Inc.,* 175 Conn. 49, 58, 392 A.2d 491; *State ex rel. Kennedy* v. *Frauwirth,* 167 Conn. 165, 168, 355 A.2d 39; *Charlton Press, Inc.* v. *Sullivan,* 153 Conn. 103, 109, 214 A.2d 354. Second, to determine the reach of the term "civil cause" in § 51-29, that provision should not be interpreted in light of §§ 52-30, 52-31, and 52-32 since not only did the latter provisions occur in another title but they also involved a distinctly different subject matter, the transfer of causes.[4] Only statutory provisions relating to the same subject matter may be looked to for guidance. *Doe* v. *Institute of Living, Inc.,* supra, 58; *New Haven* v. *United Illuminating Co.,* 168 Conn. 478, 485, 362 A.2d 785; *Bania* v. *New Hartford,* 138 Conn. 172, 176–77, 83 A.2d 165; 2A Sutherland, Statutory Construction (4th Ed.) §§ 51.01, 51.02. The provisions relied on by the plaintiff can scarcely be said to be in pari materia with § 51-29. See *Levin-Townsend Computer Corporation* v. *Hartford,* 166 Conn. 405, 411, 349 A.2d 853. Similarly, the cases on which the plaintiff relies to show that administrative proceedings should not be considered civil actions involve interpretations of provisions in title 52 of the General Statutes ("Civil Actions") and the issues raised in those cases are far removed from the concerns of § 51-29. See, e.g., *Waterbury* v. *Waterbury Police Union,* supra, and *Bank Building & Equipment Corporation* v. *Architectural Examining Board,* supra.

---

[4] Similarly the Practice Book sections the plaintiff relies on dealt with the transfer of causes and the transmission of files and papers.

The plaintiff appears to recognize the extreme tenuousness of the preceding contentions since it states that "there may be some instances in which the phrase 'civil cause' must be interpreted to include an administrative appeal." In light of this concession, it is appropriate for this court to consider the general principle that a statutory term is to be given the meaning it has "according to the commonly approved usage of the language." General Statutes § 1-1 (a); *International Business Machines Corporation* v. *Brown,* 167 Conn. 123, 134, 355 A.2d 236. "The word 'cause' is one of many meanings. See 6 Words & Phrases (Perm. Ed.) 322." *Hare* v. *Hare,* 139 Conn. 149, 151, 90 A.2d 908. The ordinary meaning of the word "cause" when it relates to legal practice is "a legal process (as a suit or action in court) by which a party endeavors to obtain his claim or what he regards as his right." Webster, Third New International Dictionary. This definition clearly illustrates that the term "civil cause" in its ordinary usage can be broad enough to include administrative appeals.[5]

Moreover, since the scope of proceedings which will be included within a term, whose precise reach is uncertain, depends upon the nature and purpose of the particular statute in question; *Carbone* v. *Zoning Board of Appeals,* 126 Conn. 602, 605, 13 A.2d 462; "civil cause" as it appears in § 51-29 should be construed to encompass administrative appeals. As this court noted in *Spelke* v. *Shaw,* 117

[5] This definition of "cause" has changed insignificantly since the time the predecessor of § 51-29 was first enacted as chapter 3 of the Public Acts of 1879. Webster's American Dictionary of the English Language in its 1871 edition defined "cause" as "A suit or action in court; any legal process by which a party endeavors to obtain his claim, or what he regards as his right."

Conn. 639, 647, 169 A. 787 and *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 537, 294 A.2d 573, the purpose of § 51-29 was to advance the decision of cases within a reasonably brief period after commencement of the trial and thereby to obviate the manifest hardships and disadvantages attendant on long delay in awaiting the rendition of a decision or judgment. We are in agreement with this statement of the purpose of § 51-29 and can see no valid reason why cases involving administrative appeals, numerous as they are, should not be afforded the same consideration. To include administrative appeals within § 51-29 would also be in harmony with the legislative intent to terminate many kinds of administrative appeals as quickly as possible by making such appeals privileged in their assignment for trial. See, e.g., General Statutes §§ 20-125, 20-176, 20-289, and 52-192 (§ 52-192 includes appeals from the commissioner of environmental protection).

Since we conclude that § 51-29 applies to administrative appeals, we are constrained to dismiss this appeal for lack of jurisdiction and to conclude that we improvidently granted certification for appeal. "When an appeal is dismissed for lack of jurisdiction no costs are taxable." *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 577, 87 A.2d 137.

The appeal is dismissed without taxable costs to either party.

In this opinion the other judges concurred.