[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO DISMISS (#101)
Plaintiff Deidre Custer brought a two-count complaint sounding in negligence and recklessness against the defendant Charles Weber, as a result of a motor vehicle collision on I-95 in Stamford, Connecticut on February 3, 1989.
The defendant moved to dismiss the complaint due to the insufficiency of process and service of process. The defendant argues that the statute of limitations in this action, governed by General Statutes52-584, bars the action because the Commissioner of Motor Vehicles was served with a copy of the writ, summons and complaint on February 4, 1991, one day after the two-year statutes of limitations had run. In addition, the defendant argues that the sheriff failed to include an affidavit pertaining to the date of the delivery of the process to him, thereby precluding the plaintiff from availing herself of the remedy included in General Statutes 52-593a. That section saves an action otherwise lost because of the passage of time "if the process to be served is personally delivered to an officer authorized to serve the process . . . within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." General Statutes52-593a(a). The section requires that the "officer making service shall endorse under oath on his return the date of delivery of the process to him for services . . . ." General Statutes 52-593a(b).
The motion to dismiss properly attacks the jurisdiction of the court and asserts that the plaintiff cannot state a cause of action which the court can hear. State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295,298 (1987). Lack of jurisdiction, once raised, must be disposed of. Baldwin Piano and Organ Co. v. Blake, 186 Conn. 295,297 (1982). Every presumption favoring jurisdiction should be utilized. Conn. Light and Power Co. v. Costle, 179 Conn. 415,421 (1980). "Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." Castro v. Viera, 207 Conn. 420, 433-34
CT Page 4220 (1988).
The plaintiff argues that the process was personally delivered to the sheriff on February 1, 1991, that the sheriff inadvertently failed to attach an affidavit of that delivery to the complaint, that the sheriff served the process on February 4, 1991, well within the fifteen days allowed by 52-593a(a), that the defect has been cured by the sheriff's amended return and affidavit filed on April 8, 1991, and that the defendant has not been prejudiced in any way in that he received notice and was apprised of the contents of the complaint. The plaintiff argues that the defect in the original return, now cured, had no effect on the defendant.
The plaintiff also argues that the defect is circumstantial and cites Connecticut General Statute 52-123 which states:
 Circumstantial defects not to abate pleadings. No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court
It is found that the plaintiff cannot prevail on this argument as our Supreme Court stated that "the statute is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service or return of process." Rogozinski v. American Food Service Equipment Corporation, 211 Conn. 431, 434 (1989).
However, in Locasse v. Burns, 214 Conn. 464, 475, the Supreme Court agreed with the trial court that an action was "brought within the statutory time. Conn. General Statute 52-593a; 52-592 "when service was made" one year and one day after . . . dismissal of the plaintiff's prior actions." Id.
It is the opinion of this court that since the sheriff received the process within the limitation period, and since the sheriff served the process well within the fifteen day statutory time period, the motion to dismiss for lack of jurisdiction is denied.
JOHN J. P. RYAN, JUDGE