[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE
Pursuant to General Statutes Section 12-111 the plaintiff, an owner of property at 25 Walker Lane, Bloomfield, Connecticut, appealed the decision of the town assessor to the Board of Tax Review ("Board") claiming that the above property had been overvalued. On March 23, 1991, the Board held a public meeting at which the plaintiff's appeal was heard. On April 2, the second Tuesday following the public meeting, the Board met again to take action on the appeal, which was denied. Neither the plaintiff nor her attorney or representative were present at the April 2 meeting. The plaintiff received written notice of the Board's decision on April 12, ten days after the Board took action. This notice was unsigned, undated and indicated that if the plaintiff disagreed with the Board's decision she could "appeal to the Superior Court within two months." Pursuant to General Statutes Section 12-118 the plaintiff initiated this appeal on June 6, 1991.
The defendant filed a special defense motion on the ground that the plaintiff brought this appeal after the two-month appeal period had expired, and later moved to dismiss on the same ground. Plaintiff has moved to strike the special defense and opposes the motion to dismiss. Since the motion to dismiss is the proper vehicle for challenging jurisdiction, this motion will be initially considered.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[O]nce the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented (citations omitted); and the court must fully resolve it before proceeding further with the case.'" Castro v. Viera,207 Conn. 420, 429-300, 541 A.2d 1216 (1988).
In ruling on a motion to dismiss, the court must accept as true all material factual allegations and construe them most favorably to the plaintiffs. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217, 459 A.2d 1031 (1983). Every presumption favoring jurisdiction should be utilized; Conn. Light Power v. Costle, 179 Conn. 415, 421,426 A.2d 1324 (1980); and the motion may be granted only if it is clear, on the face of the record, that the court is without jurisdiction. Upson, supra.
Plaintiff claims that the two-month time limitation CT Page 9787 required by General Statutes Section 12-118 can only be reasonably determined to run from the date that notice has been provided to the plaintiff of the Board's action and urges the court to apply the notice requirements found under the Uniform Administrative Procedure Act, Conn. Gen. Stat. 4-183b. That section provides that the right to appeal from an administrative decision is triggered by the mailing of notice of the final decision of the agency.
The defendant argues that the Uniform Administrative Procedure Act is not applicable in this appeal and that the plain language of Section 12-118 required the plaintiff to appeal within two months of the Board's action, notice or lack of notice being "irrelevant."
General Statutes Section 12-111 provides in pertinent part:
 [A]ny person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to the board of tax review, which shall determine all such appeals and report in writing the final determination of such appeals to each such person within one week after such determination has been made.
(Emphasis added).
Conn. Pub. Acts No. 90-266 Section 4 (1990) provides in pertinent part:
 Notwithstanding the provisions of sections 12-118, 12-121aa and 12-121bb of the general statutes, any person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, OR OCTOBER 1, 1990, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, . . . . The court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable . . . . (Emphasis added).
The difficulty with defendant's position is that the statutory scheme makes sense only if the landowner knows the date "of such action" i.e., the determination by the board CT Page 9788 of tax review. That is why 12-111 requires a "report in writing" of such determination "within one week after such determination has been made." The undated report, with no indication of the date on which the determination was made, or when it was mailed, was insufficient within the statutory scheme. Since the report was allegedly not received until April 12, 1991, we cannot find that this appeal initiated June 6, 1991 is untimely.
Motion to Dismiss denied.
Motion to Strike Special Defenses granted.
Wagner, J.