[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff California Microwave Telecom Transmission Systems, Inc. ("CM-TTS") brings this action claiming that the Connecticut Department of Administrative Services ("DAS") violated General Statutes § 4-59 when it awarded a contract to the defendant MFS Network Technologies, Inc. (MFS) for the purchase, installation and maintenance of a telecommunications system. The plaintiff seeks a preliminary and permanent injunction prohibiting the state, its agents, officers or employees from: 1) awarding the project contract to any firm other than the plaintiff; 2) implementing, executing or otherwise giving effect to the project with any bidder other than the plaintiff; 3) implementing or giving effect to any contract relating to the performance of the work specified with any bidder other than the plaintiff.
The plaintiff CM-TTS alleges that the defendant DAS acted in excess of its statutory authority by, inter alia, failing to award the contract to the lowest responsible bidder, allowing only MFS to amend its bid, engaging in ex parte communications with MFS, departing from the stated evaluation process and awarding the bid to MFS when it submitted a design fundamentally different from the system described in the original MFS bid.
The complaint further alleges that the defendant DAS exhibited fraud, collusion and favoritism toward MFS and defeated the object and integrity of the competitive bidding process by, inter alia, improperly scoring the MFS bid, allowing MFS to correct and alter its bid, assisting only MFS in order to bring CT Page 13183 its bid in compliance with specifications, ex parte communications with MFS, and contracting with MFS for a system that was fundamentally different from the system proposed in its original bid.
In count two of its complaint, CM-TTS alleges that after suit was commenced in this case, its bid was declared by DAS to be "non-responsive." The plaintiff claims that this action of DAS was designed to prevent CM-TTS from challenging the awarding to the contract in court, or alternatively to punish CM-TTS for doing so. The plaintiff asserts that DAS thereby violated its due process and free speech rights under the United States Constitution and the Connecticut Constitution. In its third count, CM-TTS contends that DAS unlawfully and pretextually classified the plaintiff's bid as "nonresponsive" thereby depriving CM-TTS of state and federal constitutional rights in violation of 42 U.S.C. § 1983.
The defendants DAS and MFS put forth several grounds in a motion to dismiss for lack of subject matter jurisdiction. The motion to dismiss admits all well pleaded facts such that the complaint is construed most favorably to the plaintiff. Duguay v.Hopkins, 191 Conn. 222, 227 (1983). It is "well-established principle that every presumption favoring jurisdiction should be indulged." Connecticut Light Power v. Costle, 179 Conn. 415,421 N.3 (1979).
Initially, the defendants argue that under General Statutes §§ 33-396 and 33-412 the plaintiff is not authorized to bring this action. General Statutes § 33-396 mandates that a foreign corporation cannot "transact business" in Connecticut without a certificate of authority. General Statutes § 33-412 requires that without a certificate of authority a foreign corporation transacting business in Connecticut cannot maintain an action in state court. The defendants maintain that CM-TTS was transacting business in Connecticut without a certificate of authority and cannot therefore bring this action. The defendants base this claim on plaintiff's promotional information that in conjunction with Motorola, it has installed and supplied systems in Connecticut. However, CM-TTS counters that it has no employees in the state, no office in the state, and no contracts from sales activity in Connecticut, and has not performed contracts within the state. "Whether or not a foreign corporation is transacting business in this state under § 33-396 must be determined on the complete factual picture presented in each case." ElijamCT Page 13184Mason Supply, Inc. v. Donelly Brick Co., 152 Conn. 483. 485 (1965). As noted, every presumption favoring jurisdiction should be indulged. Connecticut Light Power v. Costle, 179 Conn. 421
N. 3. Under such a standard, the defendants have failed to demonstrate that the plaintiff is transacting business in Connecticut. This view is further supported by the holding ofPennsylvania Dixie Cement Corp. v. H. Wales Lines Co.,119 Conn. 603, 612 (1935) where a foreign manufacturer selling a product in the state through a distributor who had secured contracts was not "transacting business" since all dealings with the purchaser were conducted through the distributor. Similarly, CM-TTS appears to have been involved in Connecticut only by way of its affiliation with Motorola. Thus, the defendants have not met their burden of proving a violation of § 33-412.
The defendants next claim that this action is barred by the doctrine of sovereign immunity. However, sovereign immunity does not bar suits where there is an allegation that state officials acted in excess of their statutory authority. Antinerella v.Rioux, 229 Conn. 479, 487-88 (1995). The complaint alleges that state officials acted in excess of their statutory authority by, inter alia, failing to award the contract to the lowest bidder and allowing MFS to amend its bid while also engaging in ex parte communications with MFS. Therefore, this action is not barred by sovereign immunity. See Id.
Similarly, the defendants claim that this action is barred by sovereign immunity because the defendant is the department of a state rather than a state official. However, suits against the department of a state are, in effect, against the state and sovereign immunity does not bar such suits where officials of the state act in excess of their statutory authority. Unisys Corp. v.Dept. of Labor, 220 Conn. 689, 697-98 (1991). For the reasons previously stated, allegations of actions in excess of statutory authority have been sufficiently alleged and sovereign immunity does not bar the instant action.
The defendants also argue that the plaintiff lacks standing to bring this action because its bid was deemed nonresponsive. "Courts will intervene to prevent the exercise of [the] discretion to deny a bid . . . only where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the competitive process is defeated by the conduct of municipal officials." SpinielloConstruction Co. v. Manchester, 189 Conn. 539, 544 (1983). The CT Page 13185 plaintiff has alleged that fraud and favoritism existed in the bidding process and that the very object and integrity of the bidding process was defeated by, inter alia, allowing MFS to correct and alter its bid, improperly scoring the MFS bid, assisting only MFS to bring its bid into compliance with specifications, and ex parte communications with MFS. Therefore, the reasoning of Spiniello applies here and the plaintiff has standing to bring this action. See Id.
The defendants attack the factual basis of the constitutional claims in plaintiff's second count. In determining whether a court lacks subject matter jurisdiction, the inquiry does not extend to the merits of the case. Cross v. Hudon,27 Conn. App. 729, 733 (1992). Therefore, the fact based argument contesting the allegations of count two does not defeat subject matter jurisdiction and does not provide a sufficient basis to dismiss count two.
The defendants seek to dismiss count three maintaining that the state or the DAS is not a "person" within the meaning of42 U.S.C. § 1983. It appears that the defendants are correct that the state or a state agency is not a "person" under § 1983 and that the third count may therefore be legally insufficient. See Will v. Michigan Dept. of State Police,491 U.S. 58, 64, 105 L.Ed.2d 45, 109 S.Ct 2304 (1989). Nevertheless, "a motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action . . . that should be done, instead, by way of a motion to strike." Anderson v. Schaeffer, 35 Conn. App. 31, 37 (1994). Thus, the motion to dismiss is not the proper vehicle to test the sufficiency of count three.
For the reasons stated, the motion to dismiss is denied.
So ordered,
Langenbach, J.