ROBERT HARGROVE ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF NORTH HAVEN ET AL.

ROBERT F. BURNS ET AL. *v.* ROBERT HARGROVE ET AL.
(AC 20751)

Foti, Schaller and O'Connell, Js.

Argued April 25—officially released July 10, 2001

---

[5] I also agree with the majority that the court properly refused to admit the third party complaint into evidence.

*Thomas E. Crosby*, for the appellants (plaintiffs in the first case, defendants in the second case).

*Robert K. Ciulla*, with whom, on the brief, was *Jennifer N. Coppola*, for the appellees (defendants in the first case, plaintiffs in the second case).

*Opinion*

O'CONNELL, J. The dispositive issue in this consolidated appeal[1] is whether the trial court rendered its decisions within 120 days. We conclude that it did not and remand the cases for new hearings.

The following facts and procedural history are necessary for a disposition of this appeal. On May 19, 1999, Robert F. Burns,[2] the zoning enforcement officer of the town of North Haven, issued a cease and desist order to Robert Hargrove and Gail Hargrove ordering them to cease the operation of a facility for recovering addicts on their real property in a residential district and from renting rooms to more than four individuals at a time. On June 4, 1999, the Hargroves appealed to the zoning board of appeals of the town of North Haven (board), asserting that their use of the property was a legal

---

[1] The actions were consolidated at the trial court and treated as one appeal in this court.

[2] The parties are transposed as plaintiffs and defendants in the two cases. To avoid confusion, we refer to the parties by name rather than as plaintiff or defendant.

nonconforming use pursuant to the town zoning regulations. On July 15, 1999, the board denied the Hargroves' appeal, and notice of that decision issued on July 22, 1999. Subsequently, Burns[3] filed an application for a temporary injunction, seeking to enforce the cease and desist order by enjoining the Hargroves from operating a business on their property and from renting rooms to more than four persons. Thereafter, the Hargroves appealed to the trial court from the decision of the board upholding the cease and desist order. The administrative appeal from the board's decision and the injunction action were consolidated, and oral arguments were heard before the trial court on October 25, 1999. The court issued its memorandum of decision 129 days later.[4] In its decision, the court dismissed the administrative appeal and granted the board's application for injunctive relief.[5]

We granted the Hargroves' petition for certification to appeal the zoning case, limited to the issue of whether the trial court's decision was void because it was not issued within 120 days.[6] No certification was required for the Hargroves to bring the question of the timeliness

---

[3] Also named as plaintiffs in the injunction action were the North Haven planning and zoning commission and the town of North Haven.

[4] Although the parties do not agree on the exact number of days, it is undisputed that the trial court's decision in the present case was rendered more than 120 days after completion of the hearings.

[5] The record reflects that the court issued two judgments, one dismissing the administrative appeal and the other granting the application for injunctive relief.

[6] General Statutes § 51-183b provides in relevant part: "Any judge of the Superior Court and any judge trial referee who has the power to render judgment, who has commenced the trial of any civil cause . . . shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

An administrative appeal is a civil action within the meaning of § 51-183b. *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 423, 426 A.2d 1324 (1980).

of the judgment in the injunction action before this court.

The board argues that the Hargroves have appealed only from the zoning decision and, therefore, that the injunction remains in effect. This argument is based on a misunderstanding of the record. Our examination of the record discloses that the court considered and rendered judgment in both cases. Furthermore, it is clear that the Hargroves have appealed to this court from both judgments.[7]

On February 28, 2000, the zoning appeal inexplicably appeared on a calendar for the assignment of administrative appeals. The Hargroves' counsel appeared[8] and, when the case was called, inquired about the status of the case. The judge presiding at that call was unable to furnish any information concerning the case.[9] The board suggests that this was a waiver of the 120 day requirement. We recognize that a party's waiver of the 120 day requirement need not be express and may be implied from its conduct. See *Building Supply Corp.* v. *Lawrence Brunoli, Inc.*, 40 Conn. App. 89, 96–97, 669 A.2d 620, cert. denied, 236 Conn. 920, 674 A.2d 1326 (1996). We are not persuaded, however, that counsel's responding to the calendar call constituted a waiver.

---

[7] The appeal form lists both trial court docket numbers.

[8] The calendar did not list any counsel for the zoning board.

[9] During the assignment of administrative appeals, the following colloquy occurred:

"The Court: Hargrove versus North Haven Zoning Board. I believe that's in the hands of Judge Pittman.

"Mr. Crosby [the Hargroves' attorney]: Yes, Your Honor. We argued this on October 25th. I don't know if it's appropriate to ask the clerk to inquire of its status only because it was supposed to be an expedited matter that she took.

"The Court: Okay. I'm not sure we have any information for you on that, but you'll be able to follow that up another—this is not the place to give you the answer. I don't know.

"Mr. Crosby: Okay. All right. Thank you, Your Honor.

"(Whereupon, the matter concluded)."

If the parties do not waive the requirements of General Statutes § 51-183b, the trial court loses jurisdiction after 120 days and the judgment is voidable upon timely objection. See *Building Supply Corp.* v. *Lawrence Brunoli, Inc.*, supra, 40 Conn. App. 96–97. Under the circumstances of this case, we conclude that the trial court had no jurisdiction to render judgment.

The judgments in the zoning appeal and the injunction action are reversed and the cases are remanded for new trials.

In this opinion the other judges concurred.