IRENE NOVAK *v.* RICHARD LEVIN ET AL.
(SC 17857)
(SC 17858)

Norcott, Katz, Palmer, Vertefeuille and Sullivan, Js.

Argued November 30, 2007—officially released May 20, 2008

*Judith L. Raines,* with whom, on the brief, were *James F. Biondo* and *James B. Rosenblum,* for the appellant (named defendant).

*Charles W. Fleischmann,* with whom, on the brief, was *Madonna A. Sacco,* for the appellant (defendant David McCullough).

*Brenden P. Leydon,* with whom, on the brief, was *Patrick J. Filan,* for the appellee (plaintiff).

*Opinion*

VERTEFEUILLE, J. These certified appeals arise from the Appellate Court's order granting the motions for reconsideration and reconsideration en banc filed by the plaintiff, Irene Novak, thereby restoring her appeal to its docket. On appeal, the defendants, Richard Levin and David McCullough, claim that the Appellate Court, which previously had dismissed the plaintiff's appeal, lacked jurisdiction to grant the plaintiff's motions for reconsideration and reconsideration en banc. We disagree and, accordingly, we affirm the decision of the Appellate Court restoring the plaintiff's appeal to its docket.

The record reveals the following facts and procedural history. The plaintiff brought this action to recover damages for medical malpractice against the defendants, both of whom are physicians. In her complaint, the plaintiff claimed that Levin performed unnecessary

nasal surgery on the plaintiff resulting in permanent vision impairment, and that McCullough failed to diagnose and treat properly her postoperative condition. The matter was tried to a jury, which returned a verdict for the defendants. Thereafter, the plaintiff filed a motion to set aside the verdict and for a new trial, which was denied by the trial court. The trial court then rendered judgment for the defendants in accordance with the verdict. The plaintiff thereafter filed her appeal to the Appellate Court. On the appeal form, the plaintiff indicated that she was appealing from the denial of her motion to set aside the verdict and for a new trial.

The defendants moved to dismiss the appeal, claiming, inter alia, that the plaintiff's appeal was defective because she had appealed from the denial of the motion to set aside the verdict rather than from the final judgment of the trial court. On July 24, 2006, the Appellate Court ordered that the motion to dismiss be granted unless the plaintiff filed a corrected appeal form and other required documents within ten days. The plaintiff failed to comply fully with the Appellate Court's order in a timely manner, and her appeal therefore was dismissed.

Thereafter, the plaintiff filed a motion to set aside the dismissal and to allow for the late filing of her amended appeal. The Appellate Court granted the motion "provided that the [plaintiff] files a corrected/amended appeal form with the trial court and the Appellate Court clerk's offices indicating [that] she is appealing from the trial court's decision on the motion to set aside and for a new trial and from the judgment rendered thereafter" within seven days. The plaintiff again did not comply with the Appellate Court's order. Accordingly, the Appellate Court issued an order dismissing the plaintiff's appeal on September 6, 2006.

On September 28, 2006, the plaintiff filed another motion to set aside the dismissal and to allow for the late filing of an amended/corrected appeal form, which the defendants opposed. The Appellate Court denied the plaintiff's motion. On November 6, 2006, more than sixty days after the appeal had been dismissed, the plaintiff filed motions for reconsideration and reconsideration en banc, which the defendants opposed. On January 17, 2007, the Appellate Court granted the plaintiff's motions for reconsideration and for reconsideration en banc conditioned on the filing of a proper corrected/amended appeal form, which the plaintiff filed on February 1, 2007.[1] As a result, the plaintiff's appeal was restored to the Appellate Court's docket.

We granted the defendants' separate petitions for certification limited to the following issue: "Did the Appellate Court properly grant the plaintiff's motions for reconsideration filed on November 6, 2006?" *Novak* v. *Levin*, 281 Conn. 925, 926, 918 A.2d 275 (2007). These appeals followed.

On appeal, the defendants claim that the Appellate Court improperly granted the plaintiff's motions for reconsideration and reconsideration en banc. Specifically, the defendants assert that: (1) the Appellate Court lacked jurisdiction to grant the plaintiff's motions because they were filed after the expiration of the period for filing motions to reconsider provided in Practice Book § 71-5; and (2) the Appellate Court abused its discretion in granting the plaintiff's motions.[2] In

---

[1] In a corrected order dated January 17, 2007, the Appellate Court indicated that Judge Rogers, who was then on the Appellate Court, had recused herself from consideration of the motions.

[2] Practice Book § 71-5 provides in relevant part: "A motion for reconsideration will not be entertained unless filed with the appellate clerk, accompanied by a receipt showing that the fee was paid or waived, within ten days from the date when the decision or any order being challenged is officially released. . . ."

response, the plaintiff asserts that the Appellate Court had authority to grant the plaintiff's motions for reconsideration and to allow the plaintiff to file a late amended/corrected appeal form. Specifically, the plaintiff asserts that the Appellate Court has broad authority to manage its docket, and that its decision to grant the plaintiff's motions for reconsideration was within its authority. The plaintiff further asserts that this court lacks jurisdiction over this matter because the Appellate Court's order granting the plaintiff's motions for reconsideration and allowing the plaintiff to file an amended/ corrected appeal form was not a final judgment and is not an otherwise appealable interlocutory order. We conclude that this court has jurisdiction over this appeal under the exception to the final judgment rule enunciated by this court in *Solomon* v. *Keiser*, 212 Conn. 741, 747–48, 562 A.2d 524 (1989), and *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 418–19, 426 A.2d 1324 (1980), and we agree with the plaintiff that the Appellate Court was acting within its jurisdiction and the proper exercise of its discretion when it granted the plaintiff's motions for reconsideration. Accordingly, we affirm the order of the Appellate Court.

I

"As we repeatedly have observed, [t]he right of appeal is purely statutory. It is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met. . . . Moreover, [t]he statutory right to appeal is limited to appeals by aggrieved parties from final judgments . . . . Because our jurisdiction over appeals . . . is prescribed by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim." (Internal quotation marks omitted.) *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 276 Conn. 168, 194, 884 A.2d 981 (2005).

The plaintiff asserts that this court lacks jurisdiction over this matter because the Appellate Court's order granting the plaintiff's motions for reconsideration and allowing the plaintiff to file an amended/corrected appeal form was not a final judgment under *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983), and is not an otherwise appealable interlocutory order. We disagree.

This court has concluded that an order opening a judgment is ordinarily not a final judgment. *Sasso* v. *Aleshin*, 197 Conn. 87, 90–91, 495 A.2d 1066 (1985). We also have recognized, however, that "[a]n order of the trial court opening a judgment is . . . an appealable final judgment where the issue raised is the power of the trial court to open." (Citation omitted.) *Solomon* v. *Keiser*, supra, 212 Conn. 747–48, citing *Connecticut Light & Power Co.* v. *Costle*, supra, 179 Conn. 418–19. Indeed, this court has "recognized an exception . . . for those cases in which the appellant makes a colorable challenge to the jurisdiction of the trial court to open the judgment."[3] *Conetta* v. *Stamford*, 246 Conn. 281, 294, 715 A.2d 756 (1998).

In the present case, the defendants claim on appeal that the Appellate Court did not have jurisdiction to set aside the judgment of dismissal based on motions for reconsideration filed after the expiration of the ten day period provided in Practice Book § 71-5 for such motions. Because the defendants challenge the power of the Appellate Court to grant the plaintiff's motions for reconsideration filed more than ten days after its dismissal of her appeal, the defendants have raised a colorable challenge to the jurisdiction of that court. Accordingly, we conclude that the exception to the final

[3] In *Solomon* v. *Keiser*, supra, 212 Conn. 746–47, this court concluded that it is not necessary to engage in a *Curcio* finality analysis because the court in *Costle* had recognized that an order opening a final judgment is appealable when a party makes a colorable challenge to the jurisdiction of the court opening the judgment.

judgment rule outlined in *Solomon* and *Costle* applies, giving us jurisdiction over this appeal.

## II

We turn now to the defendants' claims on appeal. First, the defendants assert that, under Practice Book § 71-5, the Appellate Court's jurisdiction over the plaintiff's appeal expired ten days after it issued the order dismissing the appeal. In support of their claim, the defendants rely on the fact that the Appellate Court was created by a constitutional amendment and is a court of limited jurisdiction as established in General Statutes § 51-197a. The defendants further contend that as a court of limited jurisdiction, the Appellate Court's jurisdiction is confined by the time limitations set forth in § 71-5. Section 71-5 provides in relevant part that "[a] motion for reconsideration will not be entertained unless filed with the appellate clerk . . . within ten days from the date when the decision or any order being challenged is officially released. . . ." The defendants claim that this provision limits the Appellate Court's jurisdiction to the ten day period provided therein. We disagree.

We begin our analysis of this claim with the standard of review. "Whether a court retains continuing jurisdiction over a case is a question of law subject to plenary review. . . . Whether a court properly exercised that authority, however, is a separate inquiry that is subject to review only for an abuse of discretion." (Citation omitted.) *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, supra, 276 Conn. 211.

It is axiomatic that "[a]ppellate jurisdiction is derived from the constitutional or statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed. Thus, the determination of the existence and extent of appellate jurisdiction

depends upon the terms of the statutory or constitutional provisions in which it has its source." (Internal quotation marks omitted.) *LaReau* v. *Reincke*, 158 Conn. 486, 492, 264 A.2d 576 (1969); see also *State* v. *Reid*, 277 Conn. 764, 790, 894 A.2d 963 (2006) (*Norcott, J.*, concurring). We repeatedly have held, however, that time periods prescribed by the rules of practice are "fixed by a rule of this court . . . [and are] not a constitutionally or legislatively created condition precedent to the jurisdiction of this court. The source of the authority for the adoption of the rule lies in the inherent right of constitutional courts to make rules governing their procedure." *LaReau* v. *Reincke*, supra, 492; see also *Adams* v. *Rubinow*, 157 Conn. 150, 156, 251 A.2d 49 (1968); *State Bar Assn.* v. *Connecticut Bank & Trust Co.*, 145 Conn. 222, 232, 140 A.2d 863 (1958). Moreover, "[i]t is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 728, 724 A.2d 1084 (1999), quoting *Connecticut Light & Power Co.* v. *Costle*, supra, 179 Conn. 420–21 n.3.

In the present case, the defendants do not assert that the Appellate Court was without subject matter jurisdiction initially to hear the appeal, only that its jurisdiction expired upon the expiration of the time period provided in § 71-5. As we have explained previously herein, time periods provided in Practice Book provisions are rules of the court, compliance with which is not necessary for the Appellate Court to exercise jurisdiction over an appeal. The ten day period for filing a motion for reconsideration is established solely in the rules of practice. There is no statutory or constitutional provision requiring motions for reconsideration to be filed within ten days of the order that they seek to reconsider. Accordingly, the time period provided in

§ 71-5 is not jurisdictional, and we reject the defendants' contention that the Appellate Court improperly exercised jurisdiction over the plaintiff's appeal at the time the plaintiff filed her motions for reconsideration.

We now turn to the defendants' second claim, that the Appellate Court abused its discretion in granting the plaintiff's motions for reconsideration. Although the defendants provide only a cursory analysis of this claim in their briefs, we understand their claim to be that the Appellate Court abused its discretion in deciding to hear motions for reconsideration filed beyond the ten day period prescribed by § 71-5. We disagree.

We have recognized repeatedly that "[t]he rules of practice vest broad authority in the Appellate Court for the management of its docket." *Ramos* v. *Commissioner of Correction*, 248 Conn. 52, 59, 727 A.2d 213 (1999); see also *Alliance Partners, Inc.* v. *Voltarc Technologies, Inc.*, 263 Conn. 204, 212, 820 A.2d 224 (2003). Practice Book § 60-3 provides that "[i]n the interest of expediting decision, or for other good cause shown, the court in which the appeal is pending may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its own motion and may order proceedings in accordance with its direction." Furthermore, Practice Book § 60-2 explicitly provides that the court's broad supervisory powers extend to allowing the filing of late appeals and late documents of all types. Section 60-2 provides in relevant part that, "[t]he supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction from the time the appeal is filed . . . . The court may, on its own motion or upon motion of any party . . . (6) order that a party for good cause shown may file a late appeal, petition for certification, brief or any other document . . . ."

In the present case, the plaintiff filed motions for reconsideration on November 6, 2006. In her motions,

the plaintiff explained that any prior noncompliance with the Appellate Court's orders "resulted from an honest mistake on the appellant's part." Specifically, the plaintiff indicated that she mistakenly had understood her August, 2006 filing of documents to be compliant with the Appellate Court's orders and forms that she had received from the clerk's office. As relief, the plaintiff requested that she be allowed to file a corrected/amended appeal form late. Thus, the plaintiff sought permission to file the appeal form late and explained why she previously had failed to comply with the court's orders. Her request was analogous to a motion to file a document late under Practice Book § 60-2.

We conclude that the Appellate Court reasonably construed the plaintiff's motions for reconsideration as motions for permission to file a late motion for reconsideration under § 60-2. As we have explained previously herein, § 60-2 explicitly provides that this court and the Appellate Court may allow a party to file any document late upon a showing of good cause. Although we note that the better practice would be to require parties specifically to invoke § 60-2 when filing motions for permission to file a late motion for reconsideration, to title such motions properly and to accompany them with an explanation of good cause, we cannot conclude that the Appellate Court abused its discretion in allowing the plaintiff to file late motions for reconsideration merely because of the technical deficiencies in her motions.

The order of the Appellate Court is affirmed.

In this opinion the other justices concurred.