******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CARLOS RAMOS *v.* J.J. MOTTES COMPANY ET AL.
(AC 35671)

Bear, Sheldon and Harper, Js.*

*Argued March 19—officially released June 10, 2014*

(Appeal from Superior Court, judicial district of Hartford, Hon. Jerry Wagner, judge trial referee.)

*Kirk D. Tavtigian, Jr.*, for the appellant (named defendant).

*Clifford S. Thier*, for the appellee (plaintiff).

*Opinion*

BEAR, J. The defendant J.J. Mottes Company[1] (Mottes) appeals from the trial court's order granting the motion filed by the plaintiff, Carlos Ramos, to open the summary judgment that had been rendered in favor of Mottes.[2] On appeal, Mottes' sole claim is that the court did not have the authority to open the judgment either (1) pursuant to Practice Book § 17-4A because the motion to open was filed more than ten days after judgment was rendered, or (2) because the motion to open, in effect, was a motion to reargue, and it was filed more than twenty days after judgment was rendered. We conclude that plaintiff's claim concerning the court's alleged lack of authority is without merit, and we, therefore, affirm the judgment of the trial court.

The relevant procedural history is as follows. Ramos filed his complaint on December 17, 2009, and, on March 1, 2010, he filed an amended writ and summons. On August 3, 2010, Mottes filed a motion for summary judgment on all counts of the complaint that were directed at it, namely, counts one, three, five, seven, nine, and eleven, which the court granted, without objection, on September 13, 2010. On November 9, 2010, approximately two months after the judgment was rendered, Ramos filed a motion to open the judgment, to which Mottes filed a timely objection.[3] On February 23, 2012, the court overruled Mottes' objection, and granted Ramos' motion to open the judgment.[4] This appeal followed.

The sole issue raised in this appeal by Mottes is whether the trial court had the *authority* to open the summary judgment that had been rendered in its favor; we therefore do not consider the merits of the court's action, but only its authority to act. Mottes claims that the court was without the authority to open the judgment for two reasons. It argues that a motion to open a summary judgment is equivalent to a motion for a new trial, and, therefore, pursuant to Practice Book § 17-4A, the motion to open has to be filed within ten days of the issuance of judgment. Mottes also argues that, in this particular case, the motion to open was equivalent to a motion to reargue, and, therefore, under "the Practice Book," the motion had to be filed within twenty days of judgment.[5] Ramos argues that, pursuant to General Statutes § 52-212 and Practice Book § 17-4, the court unquestionably had the authority to open the judgment within four months of its rendering.[6] We conclude that the court had the authority to open the judgment pursuant to General Statutes § 52-212a.

"Our analysis of the statute is guided by [General Statutes] § 1-2z and principles of statutory construction. . . . Thus, we begin with the text of § 52-212a, which provides in relevant part: 'Unless otherwise provided by law and except in such cases in which the court

has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . .' This statutory limitation 'operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it.' " (Citation omitted; footnote omitted.) *Nelson* v. *Dettmer*, 305 Conn. 654, 673, 46 A.3d 916 (2012).

In determining whether § 52-212a applies to the rendering of a summary judgment, we are guided by the plain language of the statute and our precedent. Under the plain language of the statute, a trial court has the authority to open a civil judgment within four months following the entry of judgment. In *Nelson*, our Supreme Court held that "the trial court had the authority to entertain the plaintiff's motion [to set aside a summary judgment in accordance with § 52-212a]." Id., 681. It explained that, pursuant to § 52-212a, "[a] decision granting a motion for summary judgment would satisfy [the statutory] definition of 'judgment' as summary judgment is a final judgment. See Practice Book § 61-2 (judgment 'rendered on an entire complaint, counterclaim or cross complaint . . . by summary judgment . . . shall constitute a final judgment'). It is therefore clear that the four month period under § 52-212a . . . begin[s] when the trial court grant[s] a motion for summary judgment." Id., 674.

We also are guided by *Pekera* v. *Purpora*, 273 Conn. 348, 869 A.2d 1210 (2005). In *Pekera*, the defendant had filed a motion for summary judgment, and the plaintiffs, in opposing the motion for summary judgment, had discussed filing an amended complaint. Id., 352–53. The trial court rendered summary judgment in favor of the defendant and declined to consider the plaintiffs' argument regarding an amended complaint. Id., 353. On appeal to this court, the plaintiffs had claimed, in part, that the trial court erred in failing to allow them to amend their complaint. See *Pekera* v. *Purpora*, 80 Conn. App. 685, 693, 836 A.2d 1253 (2003), aff'd, 273 Conn. 348, 869 A.2d 1210 (2005). This court affirmed the judgment of the trial court. Id., 694. After our Supreme Court granted to the plaintiffs certification to appeal, that court, affirming the decision of the Appellate Court, "criticized [the] plaintiff[s] who did [not] move to open [the] judgment . . . to amend [their] complaint after summary judgment had been granted." W. Horton & K. Knox, 1 Connecticut Practice Series: Connecticut Superior Court Civil Rules (2013-2014 Ed.) § 17-4, authors' comments, p. 840. Our Supreme Court explained that, after the trial court had rendered summary judgment, "[t]he plaintiffs could have filed a motion to open the judgment for the purpose of restoring the case to the docket and amending the complaint after the court had granted defendant's motion and

rendered judgment thereon. See Practice Book § 17-4. They chose not to do so, however." (Footnote omitted.) *Pekera* v. *Purpora*, supra, 273 Conn. 358.

Accordingly, on the basis of the clear language of § 52-212a, guided by our relevant precedent, we conclude that the court had the authority to open the summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] J.C. Concrete, LLC, also is named as a defendant in this case. It is not, however, a party to this appeal.

[2] Although the granting of a motion to open generally is not a final judgment for purposes of an appeal, an appeal properly will lie from the granting of such a motion where, as here, the appellant is challenging the authority of the trial court to grant the motion. See *Solomon* v. *Keiser*, 212 Conn. 741, 747–48, 562 A.2d 524 (1989); *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 418, 426 A.2d 1324 (1980); see also *Nelson* v. *Dettmer*, 305 Conn. 654, 672, 46 A.3d 916 (2012).

[3] On November 29, 2010, the court ordered the parties to schedule argument. The record does not reveal the reason for the parties' delay in claiming the matter for argument, however.

[4] Mottes asserts in its appellate brief that the motion to open and the court's order thereon relate only to count seven of Ramos' complaint. We are unable to verify this assertion, however, and Ramos offered no response to it in his brief. Ramos' motion to open provided: "Plaintiff hereby respectfully moves this court to [open] its ruling granting summary judgment in the plaintiff's case against defendant J.J. Mottes. Said ruling was made by this court on September 13, 2010." The court's decision provided: "The defendant's objection to the plaintiff's motion to [open] this court's granting of the defendant's motion for summary judgment, which objection is based on timeliness, is overruled because the plaintiff's motion was filed within four months of that ruling."

[5] Mottes has not cited a particular provision of the Practice Book in making this argument.

[6] Ramos' counsel incorrectly argues that the court has the authority pursuant to General Statutes § 52-212, which applies to default judgments or nonsuits, neither of which apply to the rendering of summary judgment. He also argues, however, the applicability of Practice Book § 17-4.