# STATE OF CONNECTICUT *v.* ANDRE CAYO
## (AC 34776)

Bear, Sheldon and Pellegrino, Js.

Argued April 10—officially released May 21, 2013*

*Andre Cayo*, pro se, the appellant (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Suzanne Vieux*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

BEAR, J. The defendant, Andre Cayo, appeals from the judgment of the Superior Court entering a nolle prosequi (nolle) brought by the state's attorney on the infraction of operating a motor vehicle with an obstructed windshield in violation of General Statutes § 14-99f (c) (infraction), denying him a trial de novo, and denying his motion to dismiss the infraction and the nolle. On appeal, the defendant claims that his rights

---

* May 21, 2013, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

pursuant to General Statutes § 54-56b and Practice Book § 39-30 were violated when the magistrate entered a nolle over his objection and that the trial court improperly refused his demand for a trial de novo and denied his motion to dismiss the nolle and the infraction. We agree with the defendant and reverse the judgment of the trial court.

On December 18, 2011, the defendant was issued a "complaint ticket" for the alleged infraction.[1] By mail, the defendant pleaded not guilty to the infraction, and the matter was placed on the magistrate docket. On February 10, 2012, the defendant requested that the infraction be dismissed, but the request was denied. On April 30, 2012, at the state's request, the magistrate entered a nolle on the alleged infraction.[2] On May 1, 2012, the defendant filed a written demand for a trial de novo and a written motion objecting to the nolle. The Superior Court clerk's office then notified the defendant that his demand for a trial de novo was improper because no trial previously had been conducted before the magistrate. On May 7, 2012, the defendant filed a motion objecting to the entry of the nolle and requesting, instead, that the alleged infraction be dismissed by the trial court. The court denied the defendant's motion. This appeal followed.

I

The state has raised a question regarding this court's subject matter jurisdiction, which we must address

---

[1] The ticket presented to the defendant for his motor vehicle infraction specifically states at its top, in bold capitalized letters: "COMPLAINT TICKET." It then provides: "The officer complains that . . ." and lists identifying information concerning the defendant, his vehicle and the infraction he was charged with having committed.

[2] It is not contested that the defendant objected to the nolle prosequi at the time it entered, although a transcript of the proceedings is not available. See General Statutes § 51-193u (d) (providing that no record of magistrate proceedings is required to be kept).

before moving on to the merits of the defendant's claim on appeal. See *State* v. *Richardson*, 291 Conn. 426, 429–30, 969 A.2d 166 (2009) (if issue of subject matter jurisdiction raised, it must be resolved). First, the state argues that the decision to enter a nolle is within the sole discretion of the prosecutor and, therefore, is not a "decision of the magistrate," as that phrase is used in General Statutes § 51-193u (d). Therefore, it argues, there was no jurisdiction for the trial court to entertain the motions of the defendant after the nolle was entered and there is no jurisdiction for us to consider this appeal. Alternatively, the state argues that if the nolle was a "decision of the magistrate," the demand for a trial de novo rendered the magistrate's decision "null and void" under § 51-193u, and the case remains pending before the trial court, with no final judgment having been rendered. We are not persuaded by the state's arguments.

"The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." General Statutes § 1-2z.

Section 51-193u provides: "(a) Cases involving motor vehicle violations, excluding alleged violations of sections 14-215, 14-222, 14-222a, 14-224 and 14-227a and any other motor vehicle violation involving a possible term of imprisonment, or any violation, as defined in section 53a-27, which are scheduled for the entering of a plea may be handled by a magistrate.

"(b) Infractions and violations designated in subsection (a) of this section in which a plea of not guilty has

been entered may be heard by a magistrate. Magistrates shall not have the authority to conduct jury trials.

"(c) Magistrates shall have the authority to accept pleas of guilty or of not guilty, to accept pleas of nolo contendere and enter findings of guilty thereon, to impose fines, to set bonds, to forfeit bonds, to continue cases to a date certain, to enter nolles brought by the prosecutorial official, to recommend suspension under section 14-111b, 14-140 or 15-154, to order notices of intention to suspend motor vehicle licenses and registrations, to order issuance of a mittimus if a defendant has been found able to pay and fails to pay, to remit fines, to impose or waive fees and costs, to hear and decide motions, to dismiss cases and to decide cases that are tried before him.

"(d) A decision of the magistrate, including any penalty imposed, shall become a judgment of the court if no demand for a trial de novo is filed. Such decision of the magistrate shall become null and void if a timely demand for a trial de novo is filed. A demand for a trial de novo shall be filed with the court clerk within five days of the date the decision was rendered by the magistrate and, if filed by the prosecutorial official, it shall include a certification that a copy thereof has been served on the defendant or his attorney, in accordance with the rules of court. No record of the proceedings shall be required to be kept."

The state first argues that a decision to enter a nolle solely is within the discretion of the prosecutor and, therefore, is not a "decision of the magistrate," as that phrase is used in § 51-193u (d). It argues, thus, that the nolle is not a decision from which a demand for a trial de novo can be made before the trial court, and both the trial court and this court have no jurisdiction to consider the matter. We are not persuaded.

Because we have "jurisdiction to determine whether the trial court had subject matter jurisdiction to hear the case"; *Gemmell* v. *Lee*, 42 Conn. App. 682, 684 n.3, 680 A.2d 346 (1996); we will consider whether the entry of a nolle by the magistrate after it is brought by the state's attorney is a decision of the magistrate within the context of § 51-193u (d). Pursuant to subsection (c) of § 51-193u, the magistrate has the authority, inter alia, to "enter nolles brought by the prosecutorial official . . . ." We conclude that implicit in having the authority to *enter nolles* is the authority to not enter or accept nolles. See generally *State* v. *Lloyd*, 185 Conn. 199, 201–202, 440 A.2d 867 (1981) (prosecutor no longer has unfettered discretion to enter nolle but now needs approval of court and consent of defendant). Otherwise, there would be no need for the court to be involved when the state wanted the infraction nolled; the prosecutor merely could handle the matter without the involvement of the court. Our conclusion further is supported by § 54-56b and General Statutes § 54-164n, which will be discussed more fully in part II of this opinion. Accordingly, under the plain language of the statute giving the magistrate the authority to *enter nolles*, we reject the state's first argument.

The state also argues, in the alternative, that if the nolle in this case was a "decision of the magistrate," the demand for a trial de novo reinstated the infraction and rendered the magistrate's decision "null and void." It further argues that the denial of the defendant's motion to dismiss by the trial court was an interlocutory decision and the case remains pending before the trial court, with no final judgment having been rendered. Under the specific facts of this case, we are not persuaded.

The magistrate entered a nolle over the objection of the defendant. As stated, this constituted a decision of the magistrate, from which, pursuant to § 51-193u (d),

the defendant had the right to demand a trial de novo. Although the defendant made such a demand, the clerk's office rejected it, informing the defendant that he had no such right. Accordingly, the motion was not accepted by the clerk's office. The defendant then filed a "motion to dismiss," explaining to the trial court that the magistrate improperly had entered a nolle over the defendant's objection and requesting that the trial court dismiss the matter rather than permit the nolle to stand. The trial court denied the motion. This uncontested procedural history leads us to conclude that the state's argument that the trial court's ruling essentially reinstated the infraction and vacated the nolle has no merit. The court refused to accept the defendant's demand for a trial de novo, and the court refused to dismiss the infraction and the nolle. Accordingly, there remains nothing pending in the trial court, and the nolle of the defendant's infraction remains intact.

On the basis of the foregoing, we conclude that the trial court had jurisdiction in this case and that the defendant's appeal properly is before us. See generally *State* v. *Lloyd*, supra, 185 Conn. 207–208 (appeal from entry of nolle permitted because cannot later be remedied by reversal of conviction after trial).

## II

We next consider the defendant's claim that his rights pursuant to § 54-56b and Practice Book § 39-30[3] were

---

[3] Practice Book § 39-30 provides: "Where a prosecution is initiated by complaint or information, the defendant may object to the entering of a nolle prosequi at the time it is offered by the prosecuting authority and may demand either a trial or a dismissal, except when a nolle prosequi is entered upon a representation to the judicial authority by the prosecuting authority that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary."

We also note Practice Book § 44-27, which provides: "(a) Upon entry of a plea of not guilty to an infraction or to a violation which is payable by mail pursuant to statute, the clerk shall file such plea and forthwith transmit the file to the prosecuting authority for review.

violated when the magistrate entered a nolle over his objection, and that the trial court improperly refused his demand for a trial de novo and denied his motion to dismiss the nolle and the infraction. He argues that he had the right to object to the entry of the nolle and that he was entitled to either a trial or a dismissal because the state made no representation regarding the unavailability of a material witness. The state argues that the defendant had no right to object to the entry of a nolle where he was charged only with an infraction. It contends that "the statutory restrictions [of § 54-56b] on nolles of charges 'in a complaint or information' do not apply" because "the infraction here is not a 'crime,' and thus commences via ticket or summons" rather than by complaint or information. We agree with the defendant.

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply." (Internal quotation marks omitted.) *State v. Fernando A.*, 294 Conn. 1, 13–14, 981 A.2d 427 (2009). Pursuant to § 1-2z, we look to the text of the statute to

"(b) Unless a nolle prosequi or a dismissal is entered in the matter within ten days of the filing of a not guilty plea, the clerk shall schedule a hearing and shall send the defendant a written notice of the date, time and place of such hearing.

"(c) Hearings shall be conducted in accordance with the criminal rules of evidence and with the provisions of chapter 42 insofar as the provisions of that chapter are applicable.

"(d) A nolle prosequi or a dismissal may be entered in the absence of the defendant. In the event a nolle prosequi or a dismissal is entered in the matter, the clerk shall send a written notice of such disposition to any defendant who was not before the court at the time of such disposition. The entry of a nolle prosequi hereunder shall not operate as a waiver of the defendant's right thereafter to seek a dismissal pursuant to Section 39-30."

determine the meaning of the statute and we look to that statutes relationship to other statutes. If the meaning is clear and workable, we do not consider extratextual evidence. See id.

Section 54-56b provides: "A nolle prosequi may not be entered as to any count in a *complaint or information* if the accused objects to the nolle prosequi and demands either a trial or dismissal, except with respect to prosecutions in which a nolle prosequi is entered upon a representation to the court by the prosecuting official that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary." (Emphasis added.)

The state asserts that § 54-56b does not apply in the present case because the defendant was charged with an infraction via a ticket or summons, and a ticket or summons is not a "complaint or information." The state further argues that General Statutes § 54-46 requires that "all 'crimes' must be charged by 'complaint or information,' " and that § 51-164n "provide[s] that infractions and specific violations be brought by summons, that a summons is not 'arrest' and that an infraction 'shall not be an offense within the meaning of section 54a-24.' " The state admits, however, that "[c]ourt rules do require that infractions be prosecuted by 'information or complaint'; [Practice Book] §§ 36-7, 36-11, 44-22; and that the nolle of an infraction in a defendant's absence shall not waive the right to seek dismissal under section 39-30. [Practice Book] § 44-27 (d). . . . Nonetheless, [the state argues that] the court rules do not affect the substantive application of . . . § 54-56b in excluding infractions from those nolles which require judicial approval." We are not persuaded by the state's argument and conclude that the defendant's ticket or summons, in fact, is a complaint as it is clearly labeled, and that § 54-56b, therefore, applies.

We are guided in our conclusion by the plain language of General Statutes (Rev. to 2011) § 51-164n, together with § 54-56b. General Statutes (Rev. to 2011) § 51-164n provides in relevant part: "(a) There shall be a Centralized Infractions Bureau of the Superior Court to handle payments or pleas of not guilty with respect to the commission of infractions . . . . Except as provided in section 51-164o, any person who is alleged to have committed an infraction . . . may plead not guilty or pay the established fine and any additional fee or cost for the infraction or such violation. . . .

"(c) If any person who is alleged to have committed an infraction . . . elects to pay the fine and any additional fees or costs established for such infraction . . . he shall send payment, by mail or otherwise, to the Centralized Infractions Bureau, made payable to the 'clerk of the Superior Court'. . . . The Judicial Department shall provide notice of the provisions of this subsection to law enforcement agencies and direct each law enforcement agency *issuing a complaint* to provide such notice to any person who is alleged to have committed a motor vehicle infraction . . . at the time *a complaint* alleging such conduct is issued to such person.

"(d) If the person elects to plead not guilty, he shall send the plea of not guilty to the Centralized Infractions Bureau. The bureau shall send such plea and request for trial to the clerk of the geographical area *where the trial is to be conducted.* Such clerk shall advise such person of a date certain for a hearing.

"(e) A summons for the commission of an infraction . . . shall not be deemed to be an arrest and the commission of an infraction . . . shall not be deemed to be an offense within the meaning of section 53a-24. . . .

"(g) In any trial for the alleged commission of an infraction, the practice, procedure, rules of evidence

and burden of proof applicable in criminal proceedings shall apply. Any person found guilty at the trial or upon a plea shall be guilty of the commission of an infraction and shall be fined not less than thirty-five dollars or more than ninety dollars or, if the infraction is for a violation of any provision of title 14, not less than fifty dollars or more than ninety dollars. . . ." (Emphasis added.)

Subsection (c) clearly states that the law enforcement agency *issuing a complaint* for a motor vehicle infraction is to provide notice of the payment procedures to the person alleged to have committed such infraction at the time the *complaint* alleging such conduct is issued. General Statutes (Rev. to 2011) § 51-164n (c). Subsection (d) then directs that if the person receiving the complaint for a motor vehicle infraction elects to plead not guilty, the person must send the not guilty plea to the centralized infractions bureau, who must send this plea and *request for trial* to the clerk of the geographical area *where the trial is to be conducted,* and the clerk then must advise the person of the trial date. General Statutes (Rev. to 2011) § 51-164n (d).

We conclude that this language sets forth the procedures for processing motor vehicle infraction complaints that are issued by law enforcement agencies. This, taken together with the mandate of § 54-56b that a nolle "may not be entered as to any count in a *complaint or information* if the accused objects to the nolle . . . and demands either a trial or dismissal . . ." leads us to the firm conclusion that the defendant's infraction ticket was a complaint, and, therefore, he was entitled to object to the entry of a nolle and demand a trial or a dismissal. See General Statutes § 54-56b; General Statutes (Rev. to 2011) § 51-164n.[4] Because

[4] We also are aware that the legislature recently revised § 51-164n, effective October 1, 2012. See Public Acts 2012, No. 12-133, § 8. The revision added a new subsection (g) and redesignated the remaining subsections. Subsection (g) of § 51-164n now provides: "If a person elects to plead not guilty

there was no allegation by the state that any material witness has died, disappeared or become disabled, or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary, pursuant to § 54-56b, the magistrate was required to conduct a trial or dismiss the infraction.

Upon the specific facts of this case, we conclude that the defendant timely objected to the entry of a nolle by the magistrate and demanded a trial or a dismissal, which the magistrate improperly refused and, thereafter, entered the nolle. The defendant then requested a trial de novo, which the Superior Court clerk's office informed him was improper because no trial had been conducted by the magistrate. We conclude that this decision also was incorrect because the defendant timely had demanded a trial de novo following the decision of the magistrate to enter a nolle. The defendant in this case properly followed the procedures available to him to protect his right to a dismissal or to a trial.

and send the plea of not guilty to the Centralized Infractions Bureau in accordance with subsection (d) of this section, such person may subsequently, at a proceeding at Superior Court, reach an agreement with the prosecutorial official as to the amount of the fine to be paid and elect to pay such fine without appearing before a judicial authority. The amount of the fine agreed upon shall not exceed the amount of the fine established for such infraction or violation. Any person who pays a fine pursuant to this subsection shall also pay any additional fees or costs established for such infraction or violation. Such person shall make such payment to the clerk of the Superior Court and such payment shall be considered a plea of nolo contendere and shall be inadmissible in any proceeding, civil or criminal, to establish the conduct of such person, provided the provisions of this section and section 51-164m shall not affect the application of any administrative sanctions by either the Commissioner of Energy and Environmental Protection authorized under title 26 or the Commissioner of Motor Vehicles authorized under title 14. A plea of nolo contendere pursuant to this subsection does not have to be submitted in writing. *Nothing in this subsection shall affect the right of a person who is alleged to have committed an infraction or any violation specified in subsection (b) of this section to plead not guilty and request a trial before a judicial authority.*" (Emphasis added.)

The defendant is entitled either to his day in court or to a dismissal of the infraction.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.