******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* RICARDO BARRIGA
(AC 37747)

DiPentima, C. J., and Beach and Flynn, Js.

*Submitted on briefs February 29—officially released May 24, 2016*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, geographical area number one,
Hon. Martin L. Nigro, judge trial referee.)

*Ricardo Barriga*, self-represented, the appellant (defendant), filed a brief.

*David I. Cohen*, state's attorney, *Mitchell Rubin*, senior assistant state's attorney, and *Emily Graner Sexton*, special deputy assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

FLYNN, J. Practice Book § 60-2 provides, in pertinent part: "The supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction from the time the appeal is filed, or earlier . . . ." The rule goes on to provide that the court "may also, for example . . . (5) order that a party for good cause shown may file a late appeal . . . ."[1] Practice Book § 60-2. On February 4, 2015, the defendant, Ricardo Barriga, a citizen of Peru, filed an appeal from his conviction after guilty pleas to two counts of possession of marijuana in violation of General Statutes § 21a-279 (c).[2] The judgments of his conviction entered on January 28, 2005, over ten years prior to his appeal from it on February 4, 2015. The defendant claims that in August, 2013, he was ordered deported due to his prior conviction. The defendant requests this court to accept his late appeal using its supervisory authority pursuant to Practice Book § 60-2 (5) and to treat the appeal as though he had filed a request to file an untimely appeal. We dismiss the appeal.

Before accepting the defendant's guilty pleas, the trial court informed him of the elements of the charged offenses, what the state would be required to prove, and what trial rights he was forfeiting by pleading guilty. The defendant was represented by counsel at the plea and sentencing, at which the court accepted the guilty pleas and sentenced him to two years of incarceration, execution suspended, and two years of probation. It is undisputed by the state that the sentencing court did not advise the defendant of any possible immigration law consequences prior to his making his pleas. The defendant did not precede the filing of his appeal with a request to file a late appeal, nor did he ever timely move to withdraw his pleas before the trial court.

In addition to requesting this court to accept his late appeal using its supervisory authority pursuant to § 60-2 (5), the defendant also calls on this court to extend the three year statutory limitation on vacating guilty or nolo contendere pleas in General Statutes § 54-1j, and to determine that that limitation is unconstitutional. The state makes two arguments in opposition. It contends that § 54-1j is not unconstitutional, and that this court cannot extend the three year time limitation for vacating a guilty plea.

Section § 54-1j (a) requires that "[t]he [trial] court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court first addresses the defendant personally and determines that the defendant fully understands that if the defendant is not a citizen of the United States, conviction of the offense for which the defendant has been charged may have the consequences of deportation or removal from the United States, exclusion from

readmission to the United States or denial of naturalization, pursuant to the laws of the United States." However, in adopting § 54-1j, the legislature included subsection (c), which provides that if the court does not advise the defendant of one of the enumerated consequences and "the defendant not later than three years after the acceptance of the plea shows that the defendant's plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty." The defendant contends on appeal that this court should extend the provisions of § 54-1j (c) beyond the three year limitation period and hold the statute unconstitutional because it ultimately does not ensure protection from the infringement of a resident alien's liberty rights.

We first address the defendant's contention that the three year limit is "stale" and "no longer serves the ends of justice" in contemporary times and that the three year limitation should be extended by this court. Although our courts have the power and duty to interpret and apply laws enacted by the General Assembly, they do not have the power to repeal or amend them. That power is vested in elected members of the legislature and not in the courts. Article third, § 1, of the Connecticut constitution provides: "The legislative power of the state shall be vested in two distinct houses or branches; the one to be styled the senate, the other the house of representatives, and both together the general assembly." "Whatever . . . [the constitution] prescribes, the General Assembly, and every officer or citizen to whom the mandate is addressed, must do; and whatever it prohibits, the General Assembly, and every officer and citizen, must refrain from doing; and if either attempt to do that which is prescribed, in any other manner than that prescribed, or to do in any manner that which is prohibited, their action is repugnant to that supreme and paramount law, and invalid." (Internal quotation marks omitted.) *Caldwell* v. *Meskill*, 164 Conn. 299, 314–15, 320 A.2d 788 (1973), quoting *Opinion of the Judges*, 30 Conn. 591, 593–94 (1862).

Furthermore, there is an obvious rationale behind the three year limitation, within which § 54-1j provides that the court may vacate a judgment of guilty and permit a defendant to withdraw his plea and enter a plea of not guilty. As we observed in *State* v. *Alegrand*, 130 Conn. App. 652, 665, 23 A.3d 1250 (2011), "[t]here is a public interest in maintaining some finality to judgments. Prosecutions cannot easily be recommenced when arresting officers no longer are available, witnesses are dead or cannot be found and physical evidence of crime has been destroyed. Public trust and confidence in the judiciary is sapped when cases are allowed to linger endlessly for years or decades in trial or appellate tribunals."

We next address the defendant's unconstitutionality claim. Although the defendant makes the bare statement that the time limitation of three years found in § 54-1j (c) is unconstitutional, he provides us with no analysis of how he claims it is violative of the fifth and fourteenth amendments to the United States constitution or article seventeen of the constitution of Connecticut, as amended by article twenty-nine of the amendments,[3] to permit this court to adjudicate whether the statute is facially unconstitutional. Furthermore, there is no factual record beyond the undisputed fact that the statutorily required immigration consequence advisory was not made by the sentencing court. As the state points out, there is no evidence of the deportation order or the reasons for it or for any other claimed collateral consequence of his pleas to permit review of how the three year limitation is unconstitutional as applied to him. We cannot speculate on what facts might underlie the defendant's bare claims, and, therefore, we conclude that his unconstitutionality claim is unreviewable.

We next address whether this court should accept an appeal of the defendant's conviction filed more than ten years after he was convicted, pursuant to our supervisory powers under Practice Book § 60-2. Having carefully considered the rule in light of the sparse record before us, we decline to do so.

The defendant points us to *State* v. *Reid*, 277 Conn. 764, 894 A.2d 963 (2006), as authority for the granting of his late appeal. In that case, the defendant, Mark Reid, was ordered deported, and thereafter was removed from the United States and deported to Jamaica. Id., 771. Reid's first conviction of sexual assault in the first degree, for which he was originally to be deported by the Immigration Service, resulted in his later exoneration based on a DNA test that was not available at the time of his trial. See id., 769 n.5. Reid was sentenced to eighteen years imprisonment, but his conviction was vacated five years later based on the results of that test. Id. The charges against Reid eventually were dismissed and he was released after serving approximately six years of his prison sentence. Id. A prior conviction of assault in the second degree then became the newly asserted grounds for deportation, but Reid claimed that he was never advised about the elements of that crime before pleading guilty to it. Id., 771. The court in *Reid* held that our Supreme Court retains jurisdiction to review convictions through its supervisory powers even when the trial court's jurisdiction terminates. Id., 777–78. In *Reid*, the court also noted that it was a rare case that warranted treating a motion to withdraw his guilty plea as a motion to extend the time for appeal of an eleven year old conviction. Id., 778.

As earlier observed, the defendant has not provided us with an adequate record to determine what order of

removal from the United States the defendant is subject to by virtue of his conviction. Lack of any such record prevents us from determining what factual case the defendant has, much less whether it possesses the rare circumstances, similar to that in *Reid*, justifying a ten year late appeal. See id. In *State* v. *Aquino*, 279 Conn. 293, 298, 901 A.2d 1194 (2006), our Supreme Court held that it could grant no relief to a person who was deported unless deportation was the result of his guilty plea alone.

The defendant had remedies with which to challenge his pleas and conviction that he never availed himself of. Prior to his conviction, the defendant never indicated a desire to change his pleas. Furthermore, he did not file a timely direct appeal within twenty days of receiving notice of the judgments of his conviction, pursuant to Practice Book § 63-1, nor did he file a petition for a new trial, pursuant to Practice Book § 42-55 and General Statutes § 52-270. Additionally, he did not apply for a pardon pursuant to General Statutes § 54-130a. Moreover, he did not seek to vacate his pleas within the three year time span from the date of his conviction permitted by § 54-1j. Significantly, appellate courts' "supervisory powers are invoked only in the rare circumstance where . . . traditional protections are inadequate to ensure the fair and just administration of the courts." (Internal quotation marks omitted.) *State* v. *Reid*, supra, 277 Conn. 778. The defendant had such adequate remedies available to him; however, he did not use them.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] General Statutes § 54-95 authorizes appeals by defendants from criminal judgments; however, the statute does not set the time within which such appeals must be taken. That is done by rule. Practice Book § 63-1 sets the time within which such appeals must be taken at twenty days from the date notice of the judgment or decision is given.

[2] The defendant was also convicted on guilty pleas to two counts of operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 21a-279 (c). He has not appealed from his conviction of those charges.

[3] See *State* v. *Geisler*, 222 Conn. 672, 610 A.2d 1225 (1992).