******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

STATE OF CONNECTICUT *v.* COURTNEY GREEN
(AC 42975)

Bright, C. J., and Prescott and DiPentima, Js.

*Syllabus*

The defendant, who had been convicted in 2009 on a plea of guilty to three counts of the crime of assault in the first degree, appealed from the trial court's dismissal of his 2018 motion to withdraw his plea, in which he claimed that the plea was obtained in violation of his due process rights because the trial court failed to inquire as to whether the plea was the result of force, threats or promises apart from a plea agreement, as required by the applicable rule of practice (§ 39-20). The trial court dismissed the motion for lack of subject matter jurisdiction. On appeal, the defendant conceded that the trial court lacked jurisdiction to consider his motion but requested that this court exercise its supervisory authority pursuant to the applicable rule of practice (§ 60-2) to treat the appeal as an authorized late appeal from his 2009 conviction. *Held*:

1. This court had the authority to review the merits of the trial court's dismissal of the postsentencing motion to withdraw the defendant's guilty plea: reviewing courts have jurisdiction to determine whether a trial court had subject matter jurisdiction; moreover, even though the defendant conceded that the court properly dismissed his motion, the appeal was justiciable because there was an actual controversy as to whether this court should exercise its supervisory authority to treat the defendant's appeal of the dismissal of his motion as an authorized late appeal of his judgment of conviction, the parties' positions on the issue were adverse, this court had the power to resolve the controversy pursuant to Practice Book § 60-2, and it could have granted practical relief to the defendant.

2. The defendant failed to demonstrate that it was appropriate for this court to invoke its supervisory authority pursuant to Practice Book § 60-2 to treat his appeal from what he conceded was the correct judgment of the trial court as an untimely appeal from the judgment of conviction that was rendered more than ten years ago: this court's supervisory powers should be invoked only in rare and unique circumstances in which traditional procedural limitations would be inadequate to ensure the fair and just administration of the courts; moreover, the circumstances of the defendant's case were not rare or unique because he had ample opportunities to challenge his judgment of conviction prior to this appeal, yet he failed to do so.

Argued March 1—officially released July 27, 2021

*Procedural History*

Substitute information charging the defendant with six counts of the crime of assault in the first degree, brought to the Superior Court in the judicial district of Stamford-Norwalk, geographical area number one, where the defendant was presented to the court, *Hon. Martin L. Nigro*, judge trial referee, on a plea of guilty to three counts of the crime of assault in the first degree; judgment of guilty in accordance with the plea; thereafter, the state entered a nolle prosequi as to the three remaining counts of assault in the first degree; subsequently, the court, *White, J.*, denied the defendant's motion to withdraw his guilty plea, and the defendant appealed to this court. *Affirmed.*

*James P. Sexton*, assigned counsel, with whom, on the brief, was *Emily Graner Sexton*, assigned counsel, for the appellant (defendant).

*Melissa L. Streeto*, senior assistant state's attorney, with whom, on the brief, were *Paul Ferencek*, state's attorney, and *Maureen Ornousky*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BRIGHT, C. J. The defendant, Courtney Green, appeals from the judgment of the trial court dismissing his motion to withdraw his guilty plea in connection with his 2009 judgment of conviction rendered after he pleaded guilty to three counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (5). The defendant concedes that the trial court lacked jurisdiction to consider his motion to withdraw his guilty plea. This concession notwithstanding, the defendant, relying on *State* v. *Reid*, 277 Conn. 764, 894 A.2d 963 (2006), requests that this court exercise its supervisory authority to treat this appeal as an authorized late appeal from his 2009 conviction. We decline to do so and affirm the judgment of the trial court.

The record reveals the following facts and procedural history. In July, 2008, the defendant was engaged in an altercation that resulted in the shooting of three individuals outside of a bar in Stamford. The defendant was arrested and charged with six counts of assault in the first degree.[1] In April, 2009, the defendant entered an open plea[2] of guilty to three counts[3] of assault in the first degree. In July, 2009, the court, *Comerford, J.*, sentenced the defendant to twenty years of incarceration on each count to run concurrent to each other for a total effective sentence of twenty years of incarceration.

In February, 2015, the defendant filed a petition for a writ of habeas corpus challenging his 2009 conviction. *Green* v. *Commissioner of Correction*, 172 Conn. App. 585, 588, 160 A.3d 1068, cert. denied, 326 Conn. 907, 163 A.3d 1206 (2017). The defendant claimed that his criminal defense counsel had rendered ineffective assistance by failing to provide adequate advice with regard to his guilty plea. Id. Additionally, the defendant claimed that the trial court's failure to inquire into whether he was under the influence of any medications that might impair his judgment rendered his plea not knowing and voluntary. Id. In July, 2015, the habeas court denied the petition because the defendant had failed to establish prejudice with respect to his claim of ineffective assistance of counsel. Id., 590. The habeas court also rejected the defendant's claim that his plea was not knowing and voluntary because there was no credible evidence that the defendant was under the influence of any substance that negatively impacted his ability to enter a knowing and voluntary plea. Id., 590–91. This court affirmed the judgment of the habeas court. Id., 599.

In June, 2018, the defendant filed a motion with the trial court to withdraw the guilty plea he had entered in April, 2009. The defendant claimed that the plea was obtained in violation of his due process rights because the trial court failed to inquire into whether the plea was "not the result of force, [or] threats or of promises

apart from a plea agreement," as mandated by Practice Book § 39-20.[4] (Internal quotation marks omitted.) In October, 2018, the court dismissed the defendant's motion to withdraw his guilty plea for lack of subject matter jurisdiction. This appeal followed.

I

As previously noted in this opinion, the defendant does not claim on appeal that the court improperly dismissed his motion to withdraw his guilty plea. In fact, the defendant stated in his principal brief: "The defendant does not challenge the trial court's October 15, 2018 judgment dismissing his motion to withdraw his guilty plea for lack of subject matter jurisdiction. To the contrary, the defendant now concedes that the trial court did not have jurisdiction over that motion." Instead, on appeal, the defendant requests that this court invoke its supervisory authority, in reliance on our Supreme Court's opinion in *State* v. *Reid*, supra, 277 Conn. 764, and treat the present appeal as an authorized late appeal from the defendant's 2009 judgment of conviction. The defendant contends that the 2009 judgment of conviction should be reversed and the case remanded with direction to vacate his April, 2009 guilty plea because the plea that he entered was obtained in violation of his due process rights. Specifically, the defendant argues that the trial court failed to inquire into whether the plea was the "result of force or threats or of promises apart from a plea agreement." (Internal quotation marks omitted.) In its appellate brief, the state argues that this court lacks jurisdiction to hear the present appeal and, alternatively, argues that this court should decline the defendant's request to invoke its supervisory authority. For the reasons that follow, we disagree with the state's jurisdictional argument, but we decline the defendant's request to invoke our supervisory authority to treat the present appeal as an authorized late appeal of the defendant's 2009 judgment of conviction.

We begin by addressing the state's jurisdictional argument. First, the state argues that, "if . . . a defendant seeks to challenge the trial court's dismissal of a post-sentencing motion to withdraw his plea, over which that court lacks jurisdiction, this court also would lack jurisdiction to review the merits of the trial court's dismissal of that motion." (Internal quotation marks omitted.) Second, the state claims, alternatively, that this appeal must be dismissed because it is not justiciable. The state argues that there is no actual controversy for this court to resolve on appeal because the defendant concedes that the trial court properly dismissed his motion to withdraw his guilty plea. We disagree with both arguments.

Because the state has raised a question regarding this court's subject matter jurisdiction, we must address the jurisdictional issue before proceeding further with this

appeal. See *State* v. *Sebben*, 145 Conn. App. 528, 536, 77 A.3d 811 ("[w]henever a jurisdictional question is raised, the court must resolve it before it may proceed further with an appeal"), cert. denied, 310 Conn. 958, 82 A.3d 627 (2013), cert. denied, 572 U.S. 1088, 134 S. Ct. 1950, 188 L. Ed. 2d 962 (2014); *State* v. *Cayo*, 143 Conn. App. 194, 196–97, 66 A.3d 887 (2013) ("[t]he state has raised a question regarding this court's subject matter jurisdiction, which we must address before moving on to the merits of the defendant's claim on appeal"). "Whether a court has subject matter jurisdiction is a question of law over which our review is plenary." *State* v. *Delgado*, 116 Conn. App. 434, 437, 975 A.2d 736 (2009).

In the present case, the state's contention that "when, as here, a defendant seeks to challenge the trial court's dismissal of a postsentencing motion to withdraw his plea, over which that court lacks jurisdiction, this court is without jurisdiction to review the trial court's dismissal of that motion" is without merit. Reviewing courts have jurisdiction to determine whether the trial court lacked jurisdiction. See *State* v. *Cayo*, supra, 143 Conn. App. 199 ("we have jurisdiction to determine whether the trial court had subject matter jurisdiction to hear the case" (internal quotation marks omitted)); *State* v. *Martin M.*, 143 Conn. App. 140, 144 n.1, 70 A.3d 135 ("[t]his court has jurisdiction to determine whether a trial court had subject matter jurisdiction to hear a case"), cert. denied, 309 Conn. 919, 70 A.3d 41 (2013).

Second, the state argues that the present appeal is not justiciable because there is no actual controversy for this court to resolve on appeal. The defendant concedes that the trial court properly dismissed his motion to withdraw his guilty plea, which, according to the state, forecloses the justiciability of this appeal.

In response, the defendant argues that this appeal is justiciable because there is a live dispute between the parties as to whether the court can and should exercise its supervisory authority to treat this appeal as an authorized late appeal from the defendant's 2009 conviction. Furthermore, the defendant argues that this court can grant practical relief to the defendant by exercising its supervisory authority and reversing the judgment of conviction. We agree with the defendant.

"Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . [T]he requirement of an actual controversy . . . is premised upon the notion that courts are called upon to determine existing controver-

sies, [and therefore] may not be used as a vehicle to obtain judicial opinions on points of law. . . . An actual controversy exists where there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement . . . . It is well settled that the actual controversy must exist at all times during the appeal . . . and that facts arising during, or subsequent to, the action in question may render such a controversy obsolete." (Citations omitted; internal quotation marks omitted.) *Board of Education* v. *Naugatuck*, 257 Conn. 409, 416–17, 778 A.2d 862 (2001).

We agree with the defendant that all four requirements for justiciability are met in the present case. There is an actual controversy between the parties as to whether this court should exercise its supervisory authority; the parties' positions are adverse on this issue; the court has the power to resolve the controversy; and the court could grant the defendant practical relief, if it agreed to use its authority as the defendant requests.

In particular, our rules of practice and our Supreme Court's analysis in *State* v. *Reid*, supra, 277 Conn. 764, are instructive. "We have recognized repeatedly that [t]he rules of practice vest broad authority in the Appellate Court for the management of its docket." (Internal quotation marks omitted.) *Novak* v. *Levin*, 287 Conn. 71, 80, 951 A.2d 514 (2008). Practice Book § 60-2 explicitly provides that the court's broad supervisory powers extend to allowing the filing of late appeals and late documents of all types. Practice Book § 60-2 provides in relevant part that "[t]he supervision and control of the proceedings shall be in the court having appellate jurisdiction from the time the appellate matter is filed, or earlier, if appropriate, and, except as otherwise provided in these rules, any motion the purpose of which is to complete or perfect the record of the proceedings below for presentation on appeal shall be made to the court in which the appeal is pending. The court may, on its own motion or upon motion of any party, modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of an appeal. It may also, for example, on its own motion or upon motion of any party . . . order that a party for good cause shown may file a late appeal, petition for certification, brief or any other document unless the court lacks jurisdiction to allow the late filing . . . ." Practice Book § 60-3 provides that "[i]n the interest of expediting decision, or for other good cause shown, the court in which the appellate matter is pending may suspend the requirements or provisions of any of these rules on motion of a party or on its own motion and may order proceedings in accordance with its direction."

In *State* v. *Reid*, supra, 277 Conn. 773, our Supreme Court addressed whether it had "jurisdiction to con-

sider the merits of [a] defendant's challenge to his guilty plea within the confines of [its] authority to review the trial court's judgment denying [the defendant's] motion to withdraw [his guilty] plea." *Reid* involved a defendant's appeal from a judgment of conviction of assault in the second degree, wherein the defendant challenged the judgment of the trial court denying his motion to withdraw his guilty plea. Id., 767. The defendant, in April, 1997, had entered a guilty plea to a substitute information charging him with one count of assault in the second degree in violation of General Statutes § 53a-60. Id., 767–68. During the plea hearing, the state "requested that the defendant enter his plea to a substituted charge of assault in the second degree, a violation of [General Statutes §] 53a-61," which addresses third degree assault not second degree assault. (Internal quotation marks omitted.) Id., 768. Upon learning that the defendant was not a United States citizen, the trial court explained to the defendant that he was pleading guilty to a felony and could face deportation from the United States as a consequence of his plea. Id., 770. The defendant affirmed that he understood the possible deportation consequences and confirmed that he still wished to enter a guilty plea. Id.

A few months later, the defendant was found guilty of sexual assault and kidnapping charges in another matter. Id. In 1999, the federal government commenced deportation proceedings against the defendant, citing the defendant's sexual assault conviction as the basis for deportation. Id. In May, 2003, the trial court granted the defendant's petition for a new trial and vacated the sexual assault and kidnapping convictions. Id., 770–71. In June, 2003, the Department of Homeland Security substituted the defendant's April, 1997 conviction of assault in the second degree in place of the vacated November, 1997 conviction as the basis for deporting the defendant. Id., 771. In August, 2003, the United States Immigration Court denied the defendant's motion to terminate the deportation proceedings, and the defendant thereafter was expelled from the United States. Id.

In 2004, the defendant filed a motion to withdraw his plea of guilty to assault in the second degree. Id. The defendant claimed that the trial court never "advised him of the elements of the crime for which he was convicted, nor did the record of the proceedings demonstrate that the defendant's attorney had advised him of the necessary elements. The defendant also claimed that his attorney's representation may have been ineffective and that he was denied his right to allocution." Id. The trial court noted that the motion to withdraw the plea was untimely, but it considered the motion because the defendant asserted constitutional claims that could be reviewed. Id. The trial court denied the motion to withdraw on the basis that "the defendant had not demonstrated a clear constitutional violation,

nor had [the defendant] demonstrated a clear deprivation of his right to a fair hearing." Id., 771–72. The defendant then appealed from the trial court's judgment. Id., 772.

In response to the defendant's appeal, the state argued that the appeal should be dismissed because the trial court lacked jurisdiction to consider the defendant's motion to withdraw his guilty plea. Id. Our Supreme Court concluded "that the trial court lacked jurisdiction to consider the defendant's motion to withdraw his plea, but . . . we nevertheless may review his constitutional claim that his plea was not given knowingly and voluntarily." Id., 773. In particular, the court held that it "would have jurisdiction to consider an untimely appeal by the defendant." Id., 778. Furthermore, the court held that it was appropriate to exercise its supervisory powers pursuant to Practice Book § 60-2, due to the unique circumstances of the case, and to treat the defendant's appeal "as if a motion to file an untimely appeal had been made and granted, and an appeal from the April, 1997 judgment of conviction of assault in the second degree [had been] filed pursuant to General Statutes § 52-263." Id., 778–79.

Applying the same analysis in the present case, we have the authority, if we choose to exercise it, to resolve the issues as to which the parties have a controversy. The defendant's appeal, therefore, raises justiciable issues.

## II

We now address the defendant's request, in reliance on *Reid*, that we invoke our supervisory authority and treat the present appeal as an authorized late appeal of the defendant's 2009 judgment of conviction. We decline to do so.

We begin with a further discussion of our Supreme Court's reasoning in *Reid*. The court in *Reid* noted that "[w]e recognize that [c]onstitutional, statutory and procedural limitations are generally adequate to protect the rights of the defendant and the integrity of the judicial system. Our supervisory powers are invoked only in the rare circumstance where these traditional protections are inadequate to ensure the fair and just administration of the courts." (Internal quotation marks omitted.) Id., 778. The court held that such rare circumstances were present in that case. Id. The court noted that the defendant was given an impetus for the first time to challenge his second degree assault conviction when the defendant's November, 1997 conviction was vacated and his April, 1997 conviction was substituted as the basis for his deportation, and it noted further that the defendant consistently had sought review of his April, 1997 conviction in federal and state court. Id., 778–79. The court noted that in August, 2003, the defendant had filed a motion to terminate the deporta-

tion proceedings with the United States Immigration Court, and, in September, 2003, he had filed a motion to correct the sentence resulting from the guilty plea. Id., 779. Additionally, the court noted that in February, 2004, one month after he was deported, the defendant filed a motion to withdraw his guilty plea. Id. Furthermore, the defendant was unable to bring an action for state habeas corpus relief because he was no longer in the custody of the government. Id., 779 n.17. In light of these unique circumstances, the court concluded that the procedural posture of the case warranted consideration of the defendant's constitutional claim and, thus, it treated the defendant's claim "as if a motion to file an untimely appeal had been made and granted, and an appeal from the April, 1997 judgment of conviction of assault in the second degree [had been] filed pursuant to General Statutes § 52-263." Id., 779.

Significantly, since *Reid*, neither our Supreme Court nor this court has encountered an appeal with similar rare and unique circumstances that would warrant the exercise of our supervisory authority in the same manner.[5] See *State* v. *Ramos*, 306 Conn. 125, 141–42, 49 A.3d 197 (2012) (declining defendant's request that Supreme Court exercise its supervisory authority to treat appeal from trial court's denial of motion to vacate as request to file untimely appeal, as Supreme Court did in *Reid*, due to lack of rare and unique circumstances that were present in *Reid*); *State* v. *Barriga*, 165 Conn. App. 686, 692–93, 140 A.3d 292 (2016) (declining defendant's request that this court exercise its supervisory authority pursuant to Practice Book § 60-2 and *Reid* to accept untimely appeal of conviction, due to inadequate record and availability of adequate remedies that defendant failed to utilize); *State* v. *Alegrand*, 130 Conn. App. 652, 671–72, 23 A.3d 1250 (2011) (declining defendant's request, relying on *Reid*, that this court exercise its supervisory powers to consider merits of his constitutional claims because defendant failed to persuade this court that his case was rare one warranting appellate review under its supervisory powers); *State* v. *DeVivo*, 106 Conn. App. 641, 648, 942 A.2d 1066 (2008) (noting that defendant "ha[d] not argued that the circumstances of his case [were] rare and unique such that it would have been appropriate to invoke our supervisory powers, as was necessary in *Reid*, to reach the merits of the motion to withdraw the plea"). The present case is also different from *Reid*.

Unlike in *Reid*, the defendant in the present case has had ample opportunities to challenge his judgment of conviction. Prior to his sentencing in 2009, the defendant could have, but did not, file a timely motion to withdraw his guilty plea. At that time, he was fully aware of the canvass the court gave him when he entered his plea. Subsequent to his 2009 judgment of conviction, and after receiving his sentence of twenty years of incarceration, the defendant failed to take a timely direct

appeal of the judgment of conviction on the ground that the trial court failed to canvass him as mandated by Practice Book § 39-20 to ensure that his plea was voluntary and was not the result of force, threats or promises apart from the plea agreement. Additionally, although the defendant challenged the voluntariness of his guilty plea on other grounds during his habeas action, he did not raise the ground he now wishes to raise on appeal, even though he had the opportunity to do so. The defendant also has not brought a habeas action claiming ineffective assistance by his habeas counsel for failing to raise in that habeas action the due process issue that is the subject of this appeal. Finally, the defendant has not filed a motion for permission to file a late appeal challenging the voluntariness of his plea, in which he would have had to demonstrate good cause for his failure to file a timely appeal. See Practice Book § 60-2 (5).

In sum, the defendant has not persuaded us that the procedural and factual circumstances of the present case constitute the rare and unique circumstances that are appropriate for this court to invoke its supervisory authority to treat an appeal from what he admits is a correct judgment as an untimely appeal from a judgment that was rendered more than ten years ago.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant was charged with three counts of assault in the first degree in violation of § 53a-59 (a) (3) and three counts of assault in the first degree in violation of § 53a-59 (a) (5).

[2] The defendant entered an "open plea," which means that there was no agreement with the state or the court regarding the sentence to be imposed.

[3] The state entered a nolle prosequi as to the other three charges at the time of sentencing.

[4] Practice Book § 39-20 provides in relevant part: "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. . . ."

[5] In *State* v. *Redmond*, 177 Conn. App. 129, 137 n.16, 171 A.3d 1052 (2017), this court decided the merits of an untimely writ of error brought by the plaintiff in error, Patrick C. Redmond, and cited *Reid* for the proposition that "failure to take [a] timely appeal or bring [a] timely writ of error renders the matter voidable, but not void, and [the] court has discretion to hear [the] matter." We did not compare the facts of that case to those in *Reid* and merely noted in a footnote that we were considering the untimely writ of error "because of the unusual circumstances of this matter and because our Supreme Court elected to transfer this matter to this court under Practice Book § 65-1, rather than dismissing it pursuant to its authority under Practice Book § 72-3 (a), which provides in relevant part that the Supreme Court may dismiss a writ of error that is untimely brought without cause. The state did not move either the Supreme Court or this court to dismiss this writ as untimely. Additionally, when Redmond brought his direct appeal, we dismissed it because he was a nonparty to the criminal matter, and we stated that he should have raised his claims through a writ of error. Following this suggestion, Redmond initiated the writ of error six days later on December 14, 2015, which is within the twenty day period provided by Practice Book § 72-3 (a)." Id. None of these circumstances exists in the present case.